[No. 2960.   Decided November 18, 1898.]

THE STATE OF WASHINGTON, on the *Relation of Ida Geiger, Respondent,* v. JOSEPH GEIGER, *Appellant.*

CONTEMPT PROCEEDINGS—APPEAL—NECESSITY FOR BOND.

Proceedings against defendant as for contempt, in refusing to obey the order of the court compelling him to pay alimony upon a decree of divorce, do not constitute a criminal action; hence the failure to give an appeal bond upon an appeal from an order adjudging the appellant in contempt is not warranted by Laws 1893, p. 122, § 6 (Bal. Code, § 6505), which provides that no bond shall be required when the appeal is taken by a defendant in a criminal action.

Appeal from Superior Court, Pierce County.—Hon. WILLIAM H. H. KEAN, Judge.    Appeal dismissed.

*George G. Williamson,* and *Bates & Murray,* for appellant.

*Marshall K. Snell,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—Ida Geiger made affidavit in the superior court showing that the defendant had wilfully disobeyed a decree of the court wherein it was adjudged that plaintiff should recover from the defendant the sum of fifteen dollars per month, due and payable on the first day of each month, as alimony.    The order was made upon a

decree of divorce entered by the court in the case of Ida Geiger v. Joseph Geiger, the appellant. The superior court thereupon required appellant to appear and show cause why he should not be punished as for contempt for the violation of the order. Upon the appearance of the appellant, a hearing was had, and the superior court adjudged him in contempt for the violation of the order requiring him to pay alimony to the relator. From the order adjudging him in contempt, Joseph Geiger has appealed. The respondent moved to dismiss the appeal, because no bond as required by the statute for appeal in civil actions was executed by appellant. It is maintained by counsel for appellant that the statute (Bal. Code, § 5811, 2 Hill's Code, § 791) authorizes an appeal in a proceeding for contempt in like manner and like effect as from a judgment in an action; and that a contempt proceeding is a criminal action; and that our statute (Laws 1893, p. 122, § 6, Bal. Code, § 6505) provides that no bond or deposit shall be required when the appeal is taken by the state, or by a county, city, town or school district thereof, or by a defendant in a criminal action; and that the appellant in this action was not required to execute a bond on appeal under the provisions of this statute. As argued by counsel for appellant, it is somewhat difficult to classify the punishment of contempts, and they are sometimes divided into two classes, civil and criminal contempts.

But the better reason seems to sustain a distinction between the final sentence and the punishment for a completed offense deemed a contempt, and the coercive power of the courts in enforcing their process and compelling compliance with their decrees. In the first class, where specific acts have been punished as contempts, the power of the court seems to be concluded, and the proceeding in its nature has been denominated criminal. Where the

acts and conduct which are contemptuous are directed generally against the administration of the law and are not continuing, as, for example, contemptuous conduct in the presence of the court, many authorities hold that the punishment for such contempt is in the nature of a criminal proceeding, and the court, having imposed a single penalty for the completed contempt, has no further control over the proceeding; but, where the coercive power of the court is used in the nature of a contempt proceeding to compel obedience to its orders or enforce its process, the punishment or penalty imposed is all the time within the control of the court.    If it be imprisonment, it is until obedience is rendered to the order made; and, while the form of the penalty in the case at bar might indicate a completed punishment for the refusal of the defendant to pay alimony, it is not, in substance, such a judgment in contempt as in the first class referred to.    But counsel for appellant cite the case of *State ex rel. News Pub. Co. v. Milligan,* 4 Wash. 29 (29 Pac. 1056), to support their contention that any proceeding in the nature of a contempt is a criminal action.    The case cited, however, merely decided that the costs should be taxed to the county, instead of to the unsuccessful relator; and while the language used in the opinion is not restricted, and may give color to the contention of counsel, yet we do not think it decisive, and we do not desire that that case should be regarded as controlling authority upon any question relating to procedure in contempt.    But, in the class of cases to which the case at bar belongs in contempt proceedings under our statutes, we conclude that upon appeal the ordinary bond in civil actions is required from the appellant; and, such bond not having been executed in this case, the motion to dismiss the appeal must be granted.

Scott, C. J., and Dunbar, Anders and Gordon, JJ., concur.