[No. 5563. Decided September 20, 1905.]

THE STATE OF WASHINGTON, *on the Relation of R. M. Dye, Respondent,* v. JOHN REILLY, *Appellant.*[1]

CONTEMPT — VIOLATION OF ORDER — AFFIDAVIT — SUFFICIENCY. An affidavit in contempt proceedings which states that the appellant was restrained by the court from obstructing a highway, and that he afterwards obstructed the same, states sufficient facts to authorize a conviction for contempt.

CONTEMPT—AFFIDAVIT—SUFFICIENCY—VALIDITY OF JUDGMENT UNAPPEALED FROM. Upon a contempt proceeding for violating an order as to the obstruction of a highway, the question as to whether the judgment was void because no highway existed cannot be considered when the judgment was not appealed from.

CONTEMPT—PARTIES PLAINTIFF—MISJOINDER. There is no misjoinder of parties plaintiff, in a proceeding for contempt instituted by the state on relation of the prosecuting attorney, in failing to join the road supervisor or county commissioners, in a prosecution for contempt in obstructing a county road, in violation of an order of court.

[1] Reported in 82 Pac. 287.

WITNESSES—PRIVILEGE—GIVING EVIDENCE AGAINST ONESELF—CON-
TEMPT—CIVIL NATURE. A contempt proceeding is not a criminal case,
within the meaning of Const., art. 1, § 9, which provides that no
person shall be compelled to give evidence against himself.

SAME—PUNISHMENT WHEN LIMITED TO FINE OF $100. A contempt
for violating an order against the obstruction of a county road can-
not be punished otherwise than by a fine not exceeding $100, under
Bal. Code, § 5799.

Appeal from a judgment of the superior court for Lincoln
county, Neal, J., entered October 14, 1904, upon findings
in favor of the plaintiff, after a trial on the merits before
the court without a jury, adjudging the defendant guilty of
contempt of court. Reversed.

H. N. Martin, for appellant, claimed, among other things,
a misjoinder of parties plaintiff in that the road supervisors
or county commissioners were the proper parties to institute
the proceedings.

R. M. Dye, for respondent.

DUNBAR, J.—This is a contempt proceeding. A restrain-
ing order was issued out of the superior court of Lincoln
county, Washington, on the 5th day of August, 1904, for-
bidding the appellant from obstructing a certain highway,
in Lincoln county. On the 27th day of September, 1904,
upon the application and affidavit of the prosecuting attorney
of said county, setting up facts showing a violation of said
restraining order, an order was made and entered command-
ing the arrest of the appellant. Warrant for his arrest was
issued and served. Upon the trial of the contempt pro-
ceeding, the appellant was adjudged guilty of contempt of
court, and sentenced to a fine of $100 and imprisonment
in jail for thirty days. From this judgment this appeal
is taken.

It is claimed, (1) that the affidavit does not state facts
sufficient to charge a crime; (2) that the temporary re-
straining order which defendant is accused of violating is
void and of no effect; (3) that the facts do not support

the findings; (4) misjoinder of parties; (5) that the defendant was compelled to testify over his objections; and (6) that the judgment is not supported by the law.

The affidavit, we think, amply states sufficient on which to base a conviction. It shows that the appellant was restrained by the court from obstructing the highway, and that he afterwards obstructed the same. The question of whether the temporary restraining order which the defendant is accused of violating was void for the reason that no highway existed, is not before this court for determination, the judgment in that case not having been appealed from. We also think that the facts proved in this case support the court's findings. Neither is there any misjoinder of parties plaintiff. Nor are we prepared to say that the defendant was wrongfully compelled to testify over his objections. This objection is based upon § 9, art. 1, of the state constitution, which provides that no person shall be compelled in any criminal case to give evidence against himself or be twice put in jeopardy for the same offense.

The question turns upon the proposition as to whether or not a contempt proceeding is a criminal case. We are constrained to think that it is not, within the meaning of the constitutional provision. This court held, in *State ex rel. Geiger v. Geiger*, 20 Wash. 181, 54 Pac. 1129, that proceedings against defendant as for contempt in refusing to obey the order of the court compelling him to pay alimony upon a decree of divorce, did not constitute a criminal action; that hence the failure to give an appeal bond upon an appeal from an order adjudging the appellant in contempt, was cause for the dismissal of the appellant. It has been held in California that a contempt proceeding is a criminal proceeding, and that the defendant in the proceeding could not be compelled to testify against his own interests. But that decision was under the special provisions of the penal code, which provide that a contempt of court constitutes a misdemeanor, and is therefore not in point in this state, where

there is no similar statutory provision.  Our own legislature has evidently construed the constitutional provision as not applying to contempt proceedings, Bal. Code, § 5805 providing:

"The sheriff shall return the warrant of arrest and the bond, if any, given him by the defendant, by the return day therein specified.  When the defendant has been brought up or appeared, the court or judicial officer shall proceed to investigate the charge by examining such defendant and witnesses for or against him, for which an adjournment may be had from time to time, if necessary."

The court, however, in this case we think exceeded its jurisdiction in imposing the penalty of $100 and thirty days' imprisonment in the county jail.  Bal. Code, § 5799, is as follows:

"Every court of justice and every judicial officer has power to punish contempt by fine or imprisonment, or both.  But such fine shall not exceed three hundred dollars, nor the imprisonment six months; and when the contempt is not [one] of those mentioned in subdivisions one and two of the last section, it must appear that the right or remedy of a party to an action, suit, or proceeding was defeated or prejudiced thereby, before the contempt can be punished otherwise than by a fine not exceeding one hundred dollars."

The contempts mentioned in subdivisions one and two above referred to are,

(1)  "Disorderly, contemptuous, or insolent behavior toward the judge while holding the court, tending to impair its authority, or to interrupt the due course of a trial or other judicial proceedings; (2) A breach of the peace, boisterous conduct, or violent disturbance tending to interrupt the due course of a trial or other judicial proceeding."  Bal. Code, § 5798.

It will be readily seen that the contempt in this case does not fall under the provisions of sections one or two.  Nor does it appear that the right or remedy of a party to an action, suit, or proceeding was defeated or prejudiced

by the contempt which was committed by the appellant in this action by placing a fence across the highway.

For this error on the part of the court, the judgment will be reversed.

MOUNT, C. J., CROW, HADLEY, and FULLERTON, JJ., concur.

ROOT, J., concurs in the result.