[No. 7799. Decided May 3, 1909.]

DRAINAGE DISTRICT No. 1, KING COUNTY et al., *Appellants,* v. BRIDGET COSTELLO et al., *Respondents.*[1]

APPEAL—DECISIONS APPEALABLE—CONTEMPT—COSTS. An order, adjudging a party in contempt and requiring the payment of certain costs is appealable under Bal. Code, § 5811.

INJUNCTION—TEMPORARY SUSPENSION. A temporary restraining order until the hearing is not continued in force by an order at the hearing to the effect that all orders theretofore made in the case be held in "obeyance" during the pendency of the action, the word used evidently being an error for "abeyance," suspending all previous orders, and not intended in the sense that the orders were to be "obeyed."

Appeal from an order of the superior court for King county, Griffin, J., entered August 14, 1908, adjudging the plaintiffs guilty of contempt of court and imposing the payment of costs, pending an action to enjoin the construction of a drainage ditch. Reversed.

*Ballinger, Ronald, Battle & Tennant (C. J. France,* of counsel), for appellants.

*Vince H. Faben,* for respondents.

FULLERTON, J.—Drainage District No. 1, a corporation organized for the purpose of constructing drainage ditches on certain lands in King county, condemned a right of way thirty feet wide for the purpose of constructing a drainage ditch across lands owned by the respondents, Bridget Costello,

[1]Reported in 101 Pac. 497.

and John Costello. On April 14, 1905, while the district was excavating a ditch, the respondents brought this action against the district and its board of commissioners, averring that they were not confining themselves in the excavation of the ditch to the thirty-foot way condemned, but were using a way more than one hundred feet in width, and were throwing the debris taken from the ditch elsewhere on the respondents' land, and asked for injunctive relief. Coincident with the filing of the complaint, a temporary restraining order was asked for and obtained, restraining the appellants from further prosecuting the work until the further order of the court; directing them to appear on April 18, 1905, and show cause why a temporary injunction should not be granted pending the trial of the action. The appellants appeared on the day named, and a hearing was had, after which the court granted a temporary injunction enjoining the appellants from digging outside of the thirty-foot strip theretofore condemned, and requiring them to give a bond in the sum of $2,500 conditioned to pay the respondents all damages they might suffer by reason of the prosecution of the work.

On June 10, thereafter, the respondents served on the appellants an amended complaint, in which the relief sought was damages only, averring that their property had been injured by the acts of the appellants in the sum of $2,500. Thereafter, on June 23, 1905, without notice to the appellants, the respondents obtained from the court a second restraining order, restraining the appellants from further work on the ditch until the further order of the court, and directing them to appear on June 27, 1905, and show cause why a temporary restraining order should not issue against them pending the trial of the respondents' action. This order was issued on the affidavit of Mrs. Costello, in which she alleged that the appellants were violating the original order by digging the ditch deeper and wider than the first order contemplated. On the hearing had pursuant to this notice, an order was made which the clerk recorded under date of June

29, 1905, in his minute book in the following language: "All orders heretofore made in this cause held in obeyance until the trial of the cause on its merits." In his journal under the same date he recorded it as follows: "All orders heretofore made in this cause held in obeyance until the trial of this cause on its merits." And in his appearance docket in these words: "June 29, 1905. Entered transferred to Department 6. Judge John B. Yakey; all orders heretofore made in this cause held in abeyance until the trial of the cause on its merits."

The record does not disclose the subsequent proceedings on the merits of the cause, but it is stated by counsel that the action is still pending; it having been once tried and a verdict returned which was set aside and a new trial granted on motion of the losing party. Nothing further appears of record as transpiring in the cause until July 22, 1908, at which time Mr. and Mrs. Costello filed their affidavits, averring that a restraining order and temporary injunction had been issued "on or about the 23rd day of June, 1905," which was still in full force, restraining the appellants from interfering with the drainage ditch across the respondents' property; and that the appellants in disregard thereof had entered upon the respondents' land and were proceeding to clean out the ditch. An order was made based on these affidavits, citing the appellants to appear and show cause why they should not be punished for contempt. On the hearing the court found that the appellants were guilty of contempt of court "in disobeying restraining order made June 23, 1905, and continued effective June 29, 1905;" but found further that the violation was not willful or flagrant, and ordered that they be purged of the contempt on paying the costs of the proceedings. From the order, this appeal is taken.

The respondents have moved to dismiss the appeal on the ground that nothing but a question of costs is involved; citing cases from this court which hold that the court will not entertain an appeal to determine a question of costs merely.

The motion, however, is not well taken. The appellants were found guilty of contempt of court, and the payment of costs was imposed upon them as a punishment for the offense. There is involved in the proceeding, therefore, not only the question of costs, but the question of the right of the court to punish the appellants. An order adjudging a person to be in contempt of court is made appealable by statute. Bal. Code, § 5811 (P. C. § 1480).

On the merits of the controversy we are clear that the judgment is erroneous and must be reversed. Aside from the question of the power of the court to continue a restraining order in force as a temporary injunction by a mere order entered of record, it is clear that in this instance that no such order was made or intended to be made. To hold an order in abeyance is to hold it in suspension, and when the court directed that all orders theretofore made be held in abeyance until the trial of the cause on its merits, he suspended the operation of the temporary restraining order until that time.

We note the contention of the respondents that the court used the word "obeyance" instead of "abeyance," and meant thereby that the temporary restraining order should be obeyed until the trial of the cause on its merits, but we cannot concur in this contention. Had it been the purpose of the judge to continue the restraining order in force, he would, we think, have used some existing word appropriate to that purpose; he would have found no necessity for coining a new one. The insertion of the word "obeyance" in the minute book and journal is plainly an error of the clerk or some copyist of that officer. It cannot be imputed to the judge.

There was no temporary injunction on which to found the contempt proceedings, and the judgment will be reversed, and the cause remanded with instructions to discharge the appellants, with costs in both courts.

RUDKIN, C. J., CHADWICK, GOSE, CROW, MOUNT, and DUNBAR, JJ., concur.