41 Wn.2d 22 (1952)
246 P.2d 1107
GEORGE ARNOLD et al., Respondents,
v.
NATIONAL UNION OF MARINE COOKS & STEWARDS ASSOCIATION, Appellant.[1]
No. 32180.
The Supreme Court of Washington, Department One.
August 7, 1952.
John Caughlan, Siegfried Hesse, and John G. Walthew, for appellant.
Bassett, Geisness & Vance, for respondents.
DONWORTH, J.
Respondents have moved to dismiss an appeal from an "adjudication of contempt" entered by the superior court on April 4, 1952, upon motion of the receiver, the material portions of which read as follows:
"... and the Court having heard and considered the statements and arguments of counsel, and having examined the files and records herein and the affidavit of said receiver submitted in support of his motion for said order to show cause, and other evidence herein, the Court finds that said defendant voluntary association has wilfully and contemptuously failed and refused, and still fails and refuses, to deliver to said receiver certain United States bonds, although expressly ordered to do so by an order made and entered in the above entitled cause February 15, 1952, and although certified copies of said order were served upon said defendant voluntary association, as appears by return and affidavit of service on file herein, and it further appearing that said voluntary association has said bonds in its possession and under its control and has given no explanation or justification for its failure to assign, transfer and deliver said bonds to said receiver pursuant to said order of this Court and that written demands for delivery of said bonds, pursuant to said order, received by said voluntary association on February 23, 1952, and February 25, 1952, have been ignored, it is now, therefore.
"ORDERED, ADJUDGED AND DECREED that the defendant National Union of Marine Cooks & Stewards, a voluntary association, impleaded herein as National Union of Marine *24 Cooks & Stewards Association, be and the same hereby is adjudged in contempt of this Court, and that said contemptuous conduct of said defendant frustrates the enforcement of the judgment herein in favor of the plaintiffs and against the defendants and frustrates the receivership created herein by order of this Court; ..."
(The order continued the hearing one week as to other issues not material here.)
The motion to dismiss has been made upon the ground that the appeal was not taken within the time allowed by law. Notice of appeal was served and filed Monday, May 5, 1952. It is respondents' position that, if the adjudication of contempt be appealable at all, it was necessary that the appeal be taken within fifteen days.
Appellant contends that the adjudication of contempt is a final judgment and that the right of appeal therefrom is given by RCW 7.20.140 (Rem. Rev. Stat., § 1062):
"Either party to a judgment in a proceeding for a contempt may appeal therefrom in like manner and with like effect as from judgment in an action...."
Rule on Appeal 33, 34A Wn. (2d) 33, provides as follows:
"(1) In all civil actions and proceedings, an appeal from any final judgment must be taken by serving on opposing counsel and filing with the clerk written notice of appeal within thirty days after the day of the entry of such final judgment; and an appeal from any order other than a final order, from which an appeal is allowed, within fifteen days after the entry of the order, if made at the time of the hearing, and in all other cases within fifteen days after the service of a copy of such order, with written notice of the entry thereof, upon the party appealing, or his attorney. This rule applies alike to all appeals whether provided for by general or special statutes or rules."
Appellant's position is that the appeal was timely under the above-quoted rule, notice thereof having been given within thirty days after the entry of a final judgment.
The factual background of this controversy can be set forth briefly. This court reversed a judgment entered after a demurrer had been sustained to the amended complaint and remanded the cause with directions to overrule the demurrer. *25 Arnold v. National Union of Marine Cooks & Stewards Ass'n, 36 Wn. (2d) 557, 219 P. (2d) 121. Thereafter, the cause was tried, and on September 4, 1951, a judgment in the total sum of $475,000 was entered upon a jury's verdict in favor of respondents.
Appellant union and defendant Harris have appealed from, but have not superseded, that judgment. That appeal (being cause No. 31984) is pending in this court.
In October, 1951, respondents instituted supplementary proceedings for the purpose of discovering assets of appellant. In the course of those proceedings, the court found that appellant was insolvent and, on February 15, 1952, appointed a receiver of appellant's property. The order appointing the receiver gave him full power to take over all assets and records of appellant and conduct its business, but provided that until further order of the court appellant be permitted to operate its ordinary business and that the receiver not take into his possession or control appellant's books of account or assets excepting certain United States government bonds in the total amount of $298,000. The order further directed appellant to assign, transfer, and deliver the bonds to the receiver immediately upon his qualifying. No appeal was taken from the order appointing the receiver.
Appellant was at that time conducting in Seattle a hiring hall from which it derived some income. The government bonds which it was ordered to deliver to the receiver were physically situated in California.
It appears from the finding in the adjudication of contempt that appellant wilfully and contemptuously failed or refused to deliver the bonds to the receiver although expressly ordered to do so by the court.
It further appears by affidavit of respondents that, while the purpose of the contempt proceedings was, by authorizing the receiver to take over appellant's hiring hall, to coerce appellant into delivering the bonds to the receiver, this plan was rendered abortive by a decision of the national labor relations board which declared the hiring hall to be illegal and ordered the employers and appellant to cease giving any effect to the contract under which it existed.
*26 The court's adjudication of contempt of April 4, 1952, therefore appears to be the last order of the court entered in the supplementary proceedings; no subsequent coercive order has been entered and respondents assert that they know of no effective coercive action which can be taken.
Respondents filed in this court on April 21, 1952, in cause No. 31984, a motion to dismiss the appeal of both appellants in that cause, or, in the alternative, that the union's appeal be dismissed or that the brief of both appellants be stricken. That motion was made upon the ground that appellant should not be permitted to prosecute its appeal while in contempt of the superior court. Action thereon is being held in abeyance pending the determination by this court of the motion to dismiss the appeal in this contempt proceeding.
[1] We may take judicial notice of the proceedings in cause No. 31984. See Swak v. Department of Labor & Industries, 40 Wn. (2d) 51, 240 P. (2d) 560.
The sole question involved is whether, under the peculiar facts presented by the record in these two cases, an order which adjudges a party to be in contempt of court for disobedience of a prior court order, but which does not impose a penalty or coercive measure upon the guilty party, is an appealable order.
[2] We have no difficulty in determining that the adjudication of contempt is not an order which is made appealable by Rule on Appeal 14 (6), 34A Wn. (2d) 21, and that, therefore, the fifteen-day provision of Rule on Appeal 33, supra, has no application to this case. The difficult question presented is whether this adjudication of contempt is appealable at all. For an appeal to lie, it must be held to be a final order or judgment. If it be such, then this appeal has been taken in time.
[3] We have frequently distinguished between civil and criminal contempts. State ex rel. Geiger v. Geiger, 20 Wash. 181, 54 Pac. 1129; State ex rel. Nicomen Boom Co. v. North Shore Boom & Driving Co., 55 Wash. 1, 103 Pac. 426, 107 Pac. 196; In re Parent, 112 Wash. 620, 192 Pac. 947. A contempt *27 proceeding may be in its nature both civil and criminal. State ex rel. Dailey v. Dailey, 164 Wash. 140, 2 P. (2d) 79.
[4] A criminal contempt partakes of the quality of an offense against the state, and the sole object of the proceedings therein is to punish the offender. A civil contempt arises from disobedience of a court order entered for the benefit or advantage of a party to a civil action, and the object of the proceedings is not to punish the offender but to coerce him into obeying the mandate of the court.
It is plain that the present contempt proceeding was instituted for the purpose of coercing appellant into compliance with the court's order to deliver the bonds to the receiver and is a civil contempt proceeding. We have said that an order adjudging a person to be in contempt of court is made appealable by statute. Drainage Dist. No. 1, King County v. Costello, 53 Wash. 67, 101 Pac. 497; State ex rel. Mangaoang v. Superior Court, 30 Wn. (2d) 692, 193 P. (2d) 318.
In Boudwin v. Boudwin, 162 Wash. 142, 298 Pac. 337, we reviewed an appeal from an order of contempt which imposed no punishment or coercive penalty upon the offender. The order did prescribe a manner in which the party could purge himself of contempt. While the question as to whether the court order complained of was an appealable order was not raised by either party, the question was apparently considered, and, viewing the proceeding as civil and coercive rather than criminal, we impliedly concluded that the order was an appealable one. See, also, Delorme v. International Bartenders' Union, Local 624, 18 Wn. (2d) 444, 139 P. (2d) 619.
[5] The present adjudication of contempt is a final determination of the rights of the parties to the contempt proceedings in that it determined and established the contumacy of appellant, and afforded a basis for respondents to have a coercive remedy applied against it. The contemplated coercive measure, court-directed seizure of appellant's hiring hall, had to be abandoned because of the national labor relations board's decision. There has been no further order entered in the contempt proceedings, respondents *28 advise us that none is contemplated, and those proceedings appear to have ended.
Even though the order appealed from contains no coercive provision and does not specify a method whereby appellant may purge itself of contempt, nevertheless, when viewed in the light of the use to which respondents have put it in moving to have the appeal dismissed in cause No. 31984, it becomes evident that the order is coercive in its practical effect. We therefore conclude that, under the facts of this case, the adjudication of contempt is an appealable order and that the appeal was taken in time.
Respondents have cited cases from other jurisdictions in support of their motion to dismiss the appeal. Pellegrino v. Pellegrino, 36 N.E. (2d) (Ohio App.) 3; Flaningam v. Flaningam, 331 Ill. App. 418, 73 N.E. (2d) 652; International Silver Co. v. Oneida Community, 93 F. (2d) 437; In re Eskay, 122 F. (2d) 819. None of these cases involved facts comparable to those presented here.
For the reasons herein stated, the motion to dismiss the appeal in this case must be denied.
It is so ordered.
SCHWELLENBACH, C.J., MALLERY, GRADY, and WEAVER, JJ., concur.
NOTES
[1] Reported in 246 P. (2d) 1107.