EDWARD M. ALLISON ET AL., APPELLEES, V. FIDELITY MUTUAL FIRE INSURANCE COMPANY ET AL., APPELLANTS.

FILED SEPTEMBER 20, 1905. No. 13,860.

**Judicial Notice.** Courts do not take judicial notice of the existence of judgments or decrees in cases other than the then pending case, and a decree rendered in receivership proceedings is no exception to the rule.

APPEAL from the district court for Douglas county: IRVING F. BAXTER, JUDGE. *Reversed with directions.*

*Baldrige & De Bord,* for appellants.

*Isaac E. Congdon, contra.*

LETTON, C.

This is an appeal from a decree of the district court for Douglas county allowing a claim against the receiver of the Fidelity Mutual Fire Insurance Company. The Fidelity Mutual Fire Insurance Company and the Merchants and Manufacturers Fire Insurance Company were mutual insurance companies organized and doing business under the laws of this state providing for mutual fire insurance companies. The respective companies were each in the custom of reinsuring with the other any risks which they did not wish to assume in their entirety. Both organizations became insolvent and were placed in the hands of receivers. The receiver of the Merchants and Manufacturers Fire Insurance Company claimed that the Fidelity Mutual Fire Insurance Company was indebted to the Merchants and Manufacturers Fire Insurance Company for a balance of $2,532.79 due for assess-

ments on policies issued to it for such reinsurance, and a further sum of $300 due for a reinsured loss, and that an assessment had been made by the district court in the receivership proceedings to that amount. An answer was filed to this claim, containing a general denial, a denial that an assessment had been made by the district court, and setting up a settlement between the companies, with other defenses not necessary to notice. No reply was filed to this answer.

Appellant insists that the affirmative allegations of the answer, not being denied by a reply, stand admitted, and that it is entitled to a dismissal upon the pleadings. As to this, it is not the usual practice to compel creditors of insolvent corporations whose affairs are being settled up by a receiver under the direction of the court to draw their claim with the nicety and formality required in ordinary legal procedure, nor are technical rules of pleading usually applied. In such a case as this, however, when it is apparent there is a substantial controversy between the parties, the better practice is for the court to direct issues to be made up, and the pleadings in such case should conform to and the issue be tried according to the usual methods of procedure in litigated cases. Since no issue was directed to be made up by the court, we will not at this time apply the strict rules of pleading, and therefore hold that this point is not well taken.

The claim of the appellee alleges that a decree entered in the case of *Wells v. Merchants & Manufacturers Mutual Fire Insurance Company* in the district court for Douglas county found that the Merchants & Manufacturers Mutual Fire Insurance Company had made certain assessments against the Fidelity Mutual Fire Insurance Company, and that the amounts set opposite the name of the Fidelity Mutual Fire Insurance Company in said decree under words "Unpaid Assessment" are the respective amounts due from said company to the Merchants & Manufacturers Company, and that the receiver should forthwith proceed to collect such amounts; and

that in order to raise a fund to fully pay and discharge the obligations of the Merchants & Manufacturers company, and receivership and expenses and costs, it was necessary to make a further assessment, and that the amounts set opposite the name of the Fidelity company in the decree under the word "Assessment" are the amounts of assessment, and that the receiver should forthwith proceed to collect the same. These allegations of the claim filed are denied by the answer. They constitute the foundation of the claim, and unless proved there is no evidence to support the decree. The proceedings are similar to an action upon a judgment or decree, and unless the judgment or decree is admitted by the answer, or taken *pro confesso* by default, it must be proved. But this may as well be said of any other decree or judgment rendered by the district court for Douglas county. Courts do not take judicial notice of the existence of judgments or decrees in cases other than the then pending case, and a decree rendered in a receivership proceeding is no exception to the rule. There is no competent evidence in th record to show that any such assessment was ever made or decree rendered as is declared upon, and hence the judgment is not supported by the evidence.

Since the case must be reversed and remanded, we think the district court should direct issues to be made up and further proceedings be had in like manner as in other litigated causes.

We recommend that the judgment of the district court be reversed and the cause remanded, with directions to cause proper issues to be framed, if a new trial is desired.

Ames and Oldham, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded, with directions to cause proper issues to be framed, if a new trial is desired.

Reversed.