ALICE HANIKA ET AL. v. STATE OF NEBRASKA.

FILED NOVEMBER 16, 1910.  No. 16,787.

1. "The right of appeal did not exist at common law. This right is purely a statutory one, and unless expressly conferred does not exist." *State v. Bethea*, 43 Neb. 451.

2. Appeal and Error: CONTEMPT: MODE OF REVIEW. There being no provision in our statute for an appeal in a contempt proceeding, a conviction under such a proceeding can only be reviewed in the district court by the filing in said court of a petition in error as provided in chapter 1, title XVI, civil code.

ERROR to the district court for Thurston county: GUY T. GRAVES, JUDGE. *Affirmed.*

*Thomas L. Sloan* and *Curtis L. Day,* for plaintiffs in error.

*William T. Thompson, Attorney General* and *George W. Ayres, contra.*

FAWCETT, J.

Plaintiffs in error were found guilty of a contempt of court in a trial before a justice of the peace in Thurston county, and were each sentenced to pay a fine of $5, and one-half the costs of prosecution. They then attempted to have the case reviewed in the district court upon appeal. In the district court they separately demurred to what they termed the complaint, and also filed motions to quash the same. Without ruling upon either the demurrers or motions, the district court dismissed their attempted appeal upon the ground that "the court did not have jurisdiction to hear said case upon appeal." The case is here for review. The only assignment of error which we deem it necessary to consider is that the district court erred in dismissing the appeal.

Counsel for plaintiffs in error base their right to appeal from the judgment of the justice upon section 324 of the criminal code, which provides: "The defendant shall have the right of appeal from any judgment of a magistrate imposing fine or imprisonment, or both, under this chapter, to the district court of the county." They contend that a contempt proceeding before a justice of the peace is a misdemeanor and punishable as such, and that therefore section 324 of the criminal code applies. In this we think counsel are in error. Plaintiffs in error were not proceeded against before the justice under section 324 or any other section of the criminal code. The proceeding against them was, clearly, under section 357 of the

civil code.  The practice under these two sections is essentially different.  Section 315 of the criminal code provides: "In all cases where the magistrate shall have jurisdiction to try and sentence or finally discharge, as described in the preceding section, the charge made against the defendant shall be distinctly read to him, and he shall be required to plead thereto, which plea the magistrate shall enter upon his docket.  If the defendant refuse to plead, the magistrate shall enter the fact, with a plea of 'not guilty' in his behalf."  Under the criminal code parties are arrested under a warrant issued upon a written complaint.  In a contempt proceeding, such as the one under consideration, no written complaint is necessary.  The court upon its own motion, or upon oral request of the prosecutor, when it is shown that a witness has been subpoenaed and has not appeared, may issue an attachment, commanding the sheriff, coroner or constable of the county to arrest and bring the person named therein before the court at a time and place to be fixed in the attachment, "to give his testimony, and answer for the contempt."  Code, sec. 357.  Under the criminal code the defendant must be arraigned and be required to plead, and if he stand mute the court is required to enter a plea of not guilty in his behalf.  Such is not the rule in a contempt proceeding.  In such cases we have held that defendant in contempt, who refuses to plead, may be treated by the court as admitting the charges contained in the information.  *Toozer v. State,* 5 Neb. (Unof.) 182.  "It is not necessary in a contempt proceeding that the defendant be formally arraigned."  *Nebraska Children's Home Society v. State,* 57 Neb. 765.  "As the proceeding is solely to protect public justice from obstruction the accused is not entitled to trial by jury."  *Gandy v. State,* 13 Neb. 445.  We have also held: "An appeal, in the technical sense of the term, is a remedy which exists only by force of statute and within the limits defined by statute."  *Pollock v. School District,* 54 Neb. 171.  "The right of appeal did not exist at common law.  This right is purely a statutory one, and

unless expressly conferred does not exist." *State v. Bethea*, 43 Neb. 451. We find no provision in our statute for an appeal in a contempt proceeding. Plaintiffs in error should have proceeded under chapter 1, title XVI of the civil code, by filing a petition in error in the district court.

The judgment of the district court is right and is

AFFIRMED.