STATE, EX REL. O. S. SPILLMAN, ATTORNEY GENERAL, RELATOR, V. JOHN M. PRIEST, RESPONDENT.

FILED FEBRUARY 13, 1929. No. 26159.

*O. S. Spillman* and *C. A. Sorensen, Attorneys General,* *Lester C. Dibble* and *Homer M. Kyle,* for relator.

*John M. Priest* and *John L. Mattox,* for respondent.

Heard before GOSS, C. J., ROSE, DEAN, EBERLY and DAY, JJ., BEGLEY and RAPER, District Judges.

DAY, J.

The attorney general of the state began disbarment proceedings against the respondent, John M. Priest, by filing a complaint originally in this court, setting out two specifications. The defendant answered, and the court appointed Honorable Harry L. Norval referee to take the evidence and to report his findings of fact and conclusions of law. A hearing was had before the referee, and he has filed his report in which he finds that specification No. 2 is not supported by a preponderance of the evidence that is clear and convincing; that specification No. 1 is supported by a preponderance of the evidence that is clear and convincing; that the defendant has not faithfully discharged his duty as an attorney; that he has been guilty of gross misconduct; has acted in bad faith, to the detriment, damage and injury of his client, and in express violation of the oath administered to him by the court when he was admitted to

practice as an attorney. This matter is now before the court on a motion by the attorney general to confirm the report of the referee and to enter judgment thereon.

The facts in this case are not complicated. The respondent was employed as an attorney by one Ura L. Case and in the course of his employment collected certain money. Case also entrusted him with money for investment. Case sought to secure this money from respondent and, being unsuccessful, on April 22, 1923, instituted a suit in the district court for Lancaster county, Nebraska for an accounting of funds received by Priest as his attorney. Upon trial, the respondent in this proceeding answered that he owed Case nothing, claiming the balance unaccounted for due him as attorney fees. Trial was had upon this issue and judgment was awarded Case against respondent for $709.05, which judgment was appealed to this court and affirmed. This judgment has not been paid or satisfied.

The respondent again answered in this proceeding setting forth his employment as attorney for Case and alleging that, as a result of said employment, Case was indebted to him for attorney fees an amount in excess of the balance in his possession. The only dispute as to the facts is whether respondent has in his possession money received and entrusted to him in his capacity as an attorney at law, to which he is not entitled. The referee very properly held that this question of fact was adjudicated in the suit of Case v. Priest.

The respondent contends that the judgment above referred to was obtained by perjury and fraud. There is no evidence in this record that said judgment was so obtained. This court has held previously that, while it will take judicial notice of its own records, it will not in one case take judicial notice of the records in another case. *Fassler v. Streit*, 92 Neb. 786; *Allison v. Fidelity Mutual Fire Ins. Co.*, 74 Neb. 366. The important and controlling question in this proceeding is: Did respondent keep money belonging to his client which in good conscience he was required to turn over to said client? This was the issue in Case v.

Priest, and the respondent advanced every contention in that case which he now advances here, and while, prior to the judgment in that case, there may have been some doubt as to what portion of the fund in Priest's possession belonged to him and what part to Case, the matter was there determined. Therefore, from the date of final determination of that case, March 23, 1926, respondent has refused to account for his client's money in his possession.

If the record in that case showed that the judgment previously obtained was secured by perjury and fraud on the court, it is not properly attacked for the first time in this proceeding. However, this does not appear. The cases cited by the respondent are cases where the judgments were attacked in suits in equity to vacate said judgments. The respondent could have done likewise, but from March 23, 1926, to date he has not seen fit so to do. Even if he discovered for the first time, as he states, that the judgment was obtained by perjury and fraud when the depositions in this case were taken, he has not since January 11, 1928, more than a year, taken this action. *Morton v. Watson,* 60 Neb. 672, is another case cited in which the court said: "Nor would a verdict of either guilty or not guilty in a criminal action be binding on a court in a disbarment proceeding wherein the same act is charged." The reason is that the degree of proof is different in the disbarment proceeding from that in a criminal proceeding.

In a disbarment proceeding where the specification alleges that an attorney was guilty of unprofessional conduct, violated his oath as an attorney and betrayed the trust imposed in him, to the detriment of his client, in failing to account for money collected by him for the client and entrusted to him by his client for the purpose of investment, the final judgment of the court in a suit for an accounting brought by the client against the said attorney is a final determination as to the rights of the attorney and client to the fund in question.

The respondent objects that certain depositions received in evidence by the referee were in contravention of his con-

stitutional rights which guarantee that he shall meet the witnesses face to face and be permitted to cross-examine them. The depositions involved were taken pursuant to notice and respondent was represented by an attorney who cross-examined the witnesses. The respondent, to support his contention, cites *Matter of Eldridge*, 82 N. Y. 161, 37 Am. Rep. 559, and also *In re Simpson*, 9 N. Dak. 379, which quotes from the former case, to the effect that affidavits are not admissible and that respondent was entitled to cross-examine witnesses. Is the respondent in the proceeding guaranteed by the Constitution of the state of Nebraska or of the United States the right to meet the witnesses against him? If this is a criminal prosecution the respondent's contention is good. But this court has said that a disbarment proceeding is not a criminal prosecution. *Morton v. Watson*, 60 Neb. 672. And in *In re Newby*, 82 Neb. 235, the court holds the presumption of innocence applies, and the culpability of the respondent must be established by a clear preponderance of the evidence. While we are cognizant that the court has apparently not been clear as to the exact nature of a disbarment proceeding, we believe that a logical conclusion to be arrived at from former cases decided by this court and from the degree of proof required to sustain the revocation of an attorney's license to practice law impels us to hold that such a proceeding is in the nature of a civil action. We think the correct rule is set out in *State v. Mosher*, 128 Ia. 82, which holds that the proceeding is a civil action, the object of which is, not the punishment of the attorney, but "the protection of the court, the proper administration of justice, the dignity and purity of the profession, the public good, and the protection of clients."

Therefore, a disbarment proceeding being in the nature of a civil action, the use of depositions being authorized by statute in such proceeding (Comp. St. 1922, sec. 8890), it was permissible to use depositions, and respondent's objection that he was entitled to be confronted by the witnesses against him is without merit.

The finding of the referee in this case as to specification No. 1, which is under the consideration of the court, is as follows:

"The defendant in his capacity as attorney for his client, Ura L. Case, has collected and received numerous sums of money for which his said client has on numerous occasions during a period of several years demanded an accounting and payment. No full and complete accounting was ever made, and the client, resorting to the courts of this state for protection, brought suit for the identical items enumerated in specification No. 1, in the complaint for disbarment herein, and obtained a judgment for $709.05, with 7 per cent. interest thereon from July 20, 1923, which, on appeal, was affirmed by this court, and stands as a judicial determination that this defendant has failed and refused to account to his said client, and has in his possession belonging to his said client the sum for which judgment was rendered.

"From all the evidence submitted, in support of the charge embraced in specification No. 1, and from the admission of the defendant that he has not paid said judgment, or any part thereof, there is a preponderance of evidence which is clear and convincing that the defendant has not faithfully discharged his duty as an attorney at law; has been guilty of gross misconduct; has acted in bad faith, to the detriment, damage and injury of his client, and in express violation of the oath administered to him by this court, when he was admitted to practice as attorney at law."

From this finding of the referee, which the court confirms, it becomes necessary to enter judgment thereon. The matter of a suitable and fitting judgment to be entered has been a matter for considerable deliberation by this court. This court has the precedent of *Dysart v. Yeiser,* 110 Neb. 65. In that case the district court had suspended an attorney from practicing in the judicial district for claiming and holding as a fee a sum allowed by the court in excess of the amount provided by statute. Good, J. in the opinion in that case stated, in substance: The attorney in good

faith believed that a proper consideration of the statute would not limit his charge for service. The court upheld a suspension by the district court in the judicial district directing the attorney to refund $620 within 60 days, and upon his failure so to do that he stand suspended from the right to practice as an attorney at law in said county (Douglas) until further order of the court. In the instant case the respondent cannot be said to be acting in good faith in continuing to resist a settlement with his client. This matter was finally determined by this court when the mandate was returned to the district court for Lancaster county, Nebraska, March 23, 1926. Since that time there is no reason why he might not have gone into the office of the clerk of the district court for Lancaster county and satisfied that judgment by payment.

The respondent is delinquent in accounting to his client for money received in his professional capacity. He has raised and had the benefit, of every technical objection throughout this proceeding. He stood before the court, and complained that it had not been started in time, although the record conclusively shows that his client, though in a far distant state, has for more than six years continuously sought an accounting. Such conduct cannot be condoned. It destroys public confidence in the courts and the profession. In these particulars he has also violated his statutory duty to maintain the respect due to the courts of justice. Comp. St. 1922, sec. 264.

It is the judgment of this court that we approve and confirm the findings and conclusions of the referee herein, and it is ordered that the admission of the defendant John M. Priest to the bar of this state shall be canceled and annulled and his name stricken from the rolls of attorneys and counselors at law.

JUDGMENT OF DISBARMENT.