### HARRY KOPP v. STATE OF NEBRASKA.

FILED FEBRUARY 14, 1933. No. 28491.

*W. T. Thompson* and *H. M. Uttley,* for plaintiff in error.

*C. A. Sorensen, Attorney General,* and *Irvin Stalmaster, contra.*

Heard before Goss, C. J., Rose, Dean, Good, Eberly, Day and Paine, JJ.

Goss, C. J.

This action was on an information for constructive contempt. The defendant, Harry Kopp, plaintiff in error here, was tried before the district judge, was convicted of contempt of court, was sentenced to be confined in the county jail for four months and to pay a fine of $100 and costs. No bill of exceptions was brought up. Therefore, we have no evidence produced at the trial. The review must be considered upon the transcript alone.

It is first assigned as error that the information does not state facts to charge contempt of court or any offense punishable under the laws of this state. The information was drawn under section 20-2121, Comp. St. 1929, being the first of the three sections of the Code of Civil Procedure relating to contempts. It comes definitely under the fourth subdivision of the above section granting power to every court to punish, by fine and imprisonment, as for criminal contempt, "any wilful attempt to obstruct the proceedings, or hinder the due administration of justice in any suit, proceedings, or process pending before the courts." The information is couched in understandable language, though it contains some surplusage which, however, does not invalidate it if otherwise sufficient. It informed the defendant that the offense was committed on or about November 24, 1931, during the November term of court; that the case of the State v. John M. Flannigan and James C. Flannigan was set for trial, to be heard before the court and a jury selected from the panel of which Ralph Rosenkrans was a member, and who was

chosen and sworn as a member of the party to try said case; that on or about November 24, 1931, defendant did wilfully attempt to corrupt and influence said Rosenkrans and did wilfully attempt to obstruct said proceedings and to hinder and delay the due administration of justice in said action to be tried; that in furtherance of said purpose defendant requested one Joseph Juracek to inform Rosenkrans that defendant had a hundred-dollar bet and that defendant would furnish Rosenkrans one of defendant's farms "rent free if he would hang the Flannigan jury;" that he offered said Juracek, as payment for said services, to cancel an indebtedness of upwards of $7 and to pay said Juracek the further sum of $50; and that Juracek approached Rosenkrans at the time the latter was a member of the jury sitting in the trial of said case and advised him of defendant's said offer.

The statute is a legislative expression of the common-law power. "The common-law power of the courts to punish for constructive contempts is, in this state, expressly confirmed by legislative enactment." *State v. Bee Publishing Co.*, 60 Neb. 282. We are of the opinion that the information states facts sufficient to charge defendant with contempt of court and to notify him of the particulars of the accusation against him.

Defendant claims the trial court erred in taking cognizance of, and requiring defendant to plead to, the information without defendant first having been given a preliminary examination or the right to waive it. This might be true in the general prosecution of crimes. However, the legislature has provided substantively a method for the punishment for such contempts as this. "Contempts committed in the presence of the court may be punished summarily; in other cases the party upon being brought before the court, shall be notified of the accusation against him, and have a reasonable time to make his defense." Comp. St. 1929, sec. 20-2122. The third section relating to contempts, section 20-2123, Comp. St. 1929, says: "Persons punished for contempt under the

preceding provisions shall nevertheless be liable to indictment, if such contempt shall amount to an indictable offense; but the court before which the conviction shall be had, may, in determining the punishment, take into consideration the punishment before inflicted in mitigation of the sentence." It so happens that the Criminal Code, section 28-737, Comp. St. 1929, provides punishment for one who corruptly or by threats of force endeavors to influence a juror or to impede the due administration of justice. It is apparent, however, that the information in suit is drawn under section 20-2121, Comp. St. 1929. The procedure as for a contempt, being completely provided for by the legislature, did not contemplate the necessity for any preliminary examination and so did not provide for it. "In the absence of a statute no preliminary examination is necessary, the proceeding being unknown to the common law." 16 C. J. 314. The purpose of a preliminary examination when a crime is charged is to ascertain if a crime has been committed, and if so whether there is evidence sufficient to give probable cause for believing that the arrested man is guilty of the crime and that he may not be further deprived of his liberty if there is no probable cause for such belief. 8 R. C. L. 104, sec. 66.

The record shows that the information was filed on January 21, 1932, and that the defendant's plea of not guilty was entered the same day. He forthwith gave his bond for appearance the next day for trial. The case was tried January 22, 1932. Appellant claims the court erred in requiring him to plead the same day the information was filed. Section 29-1802, Comp. St. 1929, provides that one shall not be arraigned or called on to answer an indictment, without his assent, until one day shall have elapsed. This right accorded by the statute may be waived. The failure of the record to show that defendant made any objection to proceed with the trial raises the presumption that he waived the right. *Barker v. State,* 54 Neb. 53, 56.

The record shows the trial was had on January 22, 1932, the state producing witnesses and defendant offering none. The journal entry shows that the court found defendant guilty of contempt as charged in the information and continued the cause for sentence. Later journal entries show it continued the cause for the same purpose from time to time until May 2, 1932, when sentence was pronounced. On the same day another journal entry shows that the court, upon request of defendant for time before beginning his sentence, allowed him to be at liberty upon bond to appear June 2, 1932. June 1, 1932, defendant filed a motion in arrest of judgment, containing ten reasons, most of which are in effect the points set out in the six assignments of error we are now considering. June 2, 1932, the county attorney filed a motion to strike the motion in arrest of judgment for various reasons stated. On the same day it was argued by the parties and the motion of defendant was stricken from the files, defendant excepting. This is assigned as error. Motion in arrest of judgment is provided for in section 29-2104, Comp. St. 1929. A perusal of that section will show that the only phase applicable is that the facts stated in the information do not constitute an offense. We have already disposed of this. It might have been better to overrule the plea, rather than to strike it from the files. The effect was the same. The motion is in the record transcripted for this review. The defendant was not prejudiced by the form of the ruling.

Defendant assigns error, claiming that the trial court failed to inform defendant of what crime he had been found guilty before asking him whether he had anything to say why judgment should not be passed upon him, as provided in the Criminal Code, section 29-2201, Comp. St. 1929. The section in exact words requires that "the defendant must be informed by the court of the verdict of the jury." Here the finding of guilt was by the court, not by a jury. So assuming, merely for argument, as appellant really assumes, but expressly not so deciding,

that this point is controlled by that section of the Criminal Code, yet we cannot agree that the record shows the court did not inform defendant that it had found him guilty of contempt. There was no motion for a new trial filed in the district court in this case so that the district judge might amend his journal entry, reciting the omission to state, if a fact, that defendant was informed, before pronouncement of sentence, that he was found guilty by the court. It was held in *Taylor v. State,* 86 Neb. 795 (see syl. par. 9 and page 814) that where the record fails to show affirmatively that the court, before passing sentence, informed defendant, as required by the Criminal Code, that a verdict of guilty had been found against him, and there is no showing in the record to the contrary, the fact that such information was given will be presumed. This court quoted *Bond v. State,* 23 Ohio St. 349, expressly deciding the precise point, and then said: "Our Criminal Code on this point is a copy of the Ohio statute, and the decision of the court of last resort in that state in disposing of this question may safely be followed by us. We have not overlooked the cases of *McCormick v. State,* 66 Neb. 337, and *Evers v. State,* 84 Neb. 708, and it is not our intention to criticize or overrule them, but we have concluded, because of the purely technical nature of this provision, to require defendant to raise that question by motion for a new trial or otherwise, and thus enable the district court to correct such omission, if it really exists, and literally comply with this formal and perfunctory requirement of the statute. If that is not done, it should be presumed that this formal provision of the statute has been observed." Even if this had been a jury case, instead of a case tried to the court, we would feel that we ought to follow the rule above announced. In *McCormick v. State* and *Evers v. State,* above, the causes were remanded merely for the purpose of rendering judgments containing the recitals omitted.

The last assignment of alleged error claims that the court was without jurisdiction to impose the sentence be-

cause it was in excess of the penalty provided by section 28-737, Comp. St. 1929, heretofore abstracted. This is a section of the Criminal Code making the acts denounced therein substantive criminal offenses and providing that the offender "shall be punished by fine, not exceeding one hundred dollars, or by imprisonment, not exceeding twenty days." Defendant was informed against under section 20-2121, Comp. St. 1929, the Civil Code section. To the extent that the contempt section and the criminal section may apply to the same facts in any given case, our courts have jurisdiction over both remedies. "In the absence of constitutional or statutory restriction, a court has power to punish an act which is a contempt, notwithstanding such act may likewise be punished by indictment." 13 C. J. 55, sec. 77. See *Gandy v. State,* 13 Neb. 445, 451. There is no constitutional or statutory restriction. The contempt section 20-2123, Comp. St. 1929, expressly authorizes the criminal court in which a defendant is convicted for an indictable offense to consider "the punishment before inflicted in mitigation of the sentence." Nowhere is the penalty in the criminal section directed to control or modify the punishment authorized in the contempt proceeding.

We find no reversible error shown in the record on review. The judgment of the district court is

AFFIRMED.