STATE, EX REL. WILLIAM H. WRIGHT, ATTORNEY GENERAL, PLAINTIFF, v. ROBERT A. BARLOW, DEFENDANT.

271 N. W. 282

FILED FEBRUARY 11, 1937.   No. 29868.

*William H. Wright*, Attorney General, *Milton C. Murphy* and *Lester A. Danielson*, for plaintiff.

*Ginsburg & Ginsburg* and *R. P. Kepler*, for defendant.

Heard before GOSS, C. J., ROSE, DAY, PAINE and CARTER, JJ., and CHAPPELL, District Judge.

CARTER, J.

This is an original action brought by the attorney general charging the defendant with contempt of court for practicing law in this state without a license. The issues were made up in this court and the case then referred to M. M. Maupin, as referee, to take the evidence and make findings of fact and conclusions of law thereon. The case is now before the court on the report of the referee and the exceptions of the defendant thereto.

The information, as originally filed in this court, contained 10 counts. A general demurrer to counts 7 and 8 was sustained by this court in a former opinion. *State v. Barlow*, 131 Neb. 294, 268 N. W. 95. The referee found for the defendant on counts 1, 2, 4 and 9. The referee further found that the defendant was proved guilty beyond a rea-

sonable doubt on counts 3, 5 and 10, and by a preponderance of the evidence on count 6. The exceptions filed by the defendant question the sufficiency of the evidence to sustain the findings of the referee on counts 3, 5, 6 and 10, and the correctness of the conclusions of law as determined by the referee.

That this court has the inherent power to punish by contempt proceedings those persons who engage in the practice of the law unlawfully cannot now be questioned. *State v. Barlow, supra.* The proceeding in the case at bar is one charging a criminal contempt. In *Maryott v. State,* 124 Neb. 274, 246 N. W. 343, this court said: "Generally speaking, contempts are either direct, those committed in the presence of the court while in session, or constructive, consisting of those not committed in the presence of the court. Properly speaking, constructive contempts should be divided into two classes—criminal and civil. Those contempts which are prosecuted to preserve the power and vindicate the dignity of the court and to punish for disobedience of its orders are, ordinarily, termed criminal contempts, while those instituted to preserve and enforce the rights of private parties to the suit and to compel obedience to orders and decrees made to enforce the rights and to administer the remedies to which the court has found them to be entitled are, ordinarily, civil contempts."

The defendant contends that a prosecution for a criminal contempt is a criminal proceeding. With this we cannot agree. A proceeding for contempt is *sui generis* and summary in its nature. Its nature is aptly stated in the case of *Re Gompers,* 40 App. D. C. 293: "The action is *sui generis,* in a class by itself, partaking of some of the elements of both civil and criminal proceedings, but, strictly speaking, it is neither. It belongs to a class of proceedings inherent in the court, and deemed essential to its existence. It would hardly be held that a disbarment proceeding is criminal, although a severe penalty may be imposed; or that the power of a court to reprimand its officers for misconduct is a criminal proceeding, though the penalty im-

posed is humiliating and severe. These belong to a class of proceedings essential to the self-preservation of a court, and inherent in all courts, irrespective of their constitutional and statutory jurisdiction. Contempt, therefore, is without any particular form of action, and not subject to the limitations of procedure prescribed for the conduct of either civil or criminal actions." See, also, *State v. Baker,* 270 N. W. (Ia.) 359.

While it is true that this court has said many times that a contempt action is in the nature of a criminal proceeding, strictly speaking it is not such. We conclude that it is an action *sui generis*, neither civil nor criminal, but in the nature of a criminal proceeding. We have examined the case of *Connell v. State,* 80 Neb. 296, 114 N. W. 294, and have concluded that the first syllabus thereof is wrong and it is hereby overruled.

This court has held that a prosecution for criminal contempt is governed by and in accordance with the strict rules applicable to criminal prosecutions. In *Hydock v. State,* 59 Neb. 296, 80 N. W. 902, we said: "We have repeatedly held that proceedings in contempt are in their nature criminal, and no intendments will be indulged to sustain a conviction for contempt of court. See *Hawes v. State,* 46 Neb. 149; *Wilcox v. State,* 46 Neb. 402; *O'Chander v. State,* 46 Neb. 10; *Zimmerman v. State,* 46 Neb. 13." See, also, *Bee Publishing Co. v. State,* 107 Neb. 74, 185 N. W. 339; *McCauley v. State,* 124 Neb. 102, 245 N. W. 269; *Maryott v. State, supra.* Under the above authorities, we hold that a prosecution for criminal contempt is governed by the strict rules applicable to prosecutions by indictment.

While a prosecution for criminal contempt has many of the attributes of a criminal proceeding, one so charged is not entitled to a trial by jury. *Gandy v. State,* 13 Neb. 445, 14 N. W. 143; *Hanika v. State,* 87 Neb. 845, 128 N. W. 526. Neither is one so charged required to be arraigned before a hearing is held. *Nebraska Children's Home Society v. State,* 57 Neb. 765, 78 N. W. 267; *Kopp v. State,* 124 Neb.

363, 246 N. W. 718; *Hanika v. State, supra.* Nor may one convicted of a criminal contempt seek a review thereof by appeal; his remedy is by the institution of error proceedings. *Hanika v. State, supra.*

The record shows that the state called the defendant as a witness in its behalf over his objection that he was within the purview of section 12, art. I of the Constitution of Nebraska, providing: "No person shall be compelled, in any criminal case, to give evidence against himself, or be twice put in jeopardy for the same offense." Clearly, a person cannot claim the benefits of this section of the Constitution unless it be in a case charging him with the commission of a crime. A contempt proceeding not being a criminal case, a person charged with contempt of court cannot invoke any benefit or privilege from this provision of the Constitution. The defendant in a contempt proceeding, therefore, may properly be called as a witness by the state and be required to testify the same as any other competent witness. This holding is sustained by the following cases: *O'Neil v. People,* 113 Ill. App. 195; *People v. Seymour,* 191 Ill. App. 381; *State v. Reilly,* 40 Wash. 217, 82 Pac. 287.

The defendant complains of the action of the referee in permitting the state to place in evidence the depositions of sundry witnesses for the reason that it deprives the defendant of his constitutional right to meet the witnesses against him face to face. That part of section 11, art. I of the Constitution, that is material on the point under consideration provides: "In all criminal prosecutions the accused shall have the right * * * to meet the witnesses against him face to face." It will be noted that the constitutional provision cited applies to criminal prosecutions only, and the defendant in the suit at bar therefore cannot avail himself of its provisions. If the witnesses whose depositions were received in evidence come within the provisions of section 20-1246, Comp. St. 1929, and the record shows that they do, the use of depositions was entirely proper. *State v. Priest,* 118 Neb. 47, 223 N. W. 635.

The record discloses that the defendant was found guilty by the referee on count 6 of the information by a preponderance of the evidence. Defendant contends that the proof of guilt must be beyond a reasonable doubt. In *Hydock v. State, supra,* the court stated that proceedings in contempt are in their nature criminal and that "it is therefore necessary to establish guilt beyond a reasonable doubt." In *State v. Lovell,* 117 Neb. 710, 222 N. W. 625, a suit for criminal contempt, Rose, J., speaking for the court, said: "The evidence establishes the guilt of defendant beyond a reasonable doubt." The action is in its nature criminal. Upon a finding of guilt, a fine or imprisonment may be imposed. We are convinced that reason and logic, as well as the former expressions of this court on the subject, demand that, in order to find a person guilty of a criminal contempt, it must be by evidence showing his guilt beyond a reasonable doubt. We therefore find that the conviction of the defendant on count 6 of the information cannot be sustained and it is hereby dismissed.

It appears from the record that the state asked leave, during the hearing before the referee, to amend the information by adding thereto an additional count. The referee ruled that he was without jurisdiction to permit the amendment. The strict rules of procedure in actions of this kind require that the defendant should have notice before the trial of each and every charge against him. We conclude that new counts may not be added to an information after this court has referred the case to a referee for findings of fact and conclusions of law thereon. There are, of course, certain kinds of amendments that a referee can permit in the furtherance of justice, but the addition of an entirely new count is something more than an amendment. It is, in fact, the inclusion of a new cause of action. The referee was correct in refusing to permit the state to add the additional count.

The defendant contends that the prosecution was barred on counts 3 and 10 for the reason that the acts charged as a criminal contempt occurred more than 18 months before

this suit was commenced, it being the statutory period in which a person may be prosecuted for a misdemeanor or an indictable offense below the grade of a felony. Comp. St, 1929, sec. 29-110. This theory is based on the proposition that the legislature has provided that any person violating the statutory requirements for admission to the bar, as provided in section 7-101, Comp. St. 1929, shall be deemed guilty of a misdemeanor. It must be borne in mind, however, that an act denounced by statute as a crime may constitute a contempt of court even if the offender could be prosecuted under a criminal statute. Comp. St. 1929, sec. 20-2123; *State v. Barlow, supra.* We have searched in vain for any statute limiting the time in which an action charging criminal contempt can be maintained. Therefore, unless there is a showing of special circumstances by which delay in instituting the suit has prejudiced the rights of the defendant, the action is not barred by lapse of time. There is no evidence in the record of any such special circumstances and the contention of the defendant is therefore without merit.

Defendant contends that the referee erred in requiring him to answer questions which tended to incriminate him or expose him to public ignominy contrary to section 20-1210, Comp. St. 1929. The record covering the point in question is as follows: "Q. What is your occupation? A. County judge of Cheyenne county, Nebraska. Q. How long have you been in that office? * * * Mr. Kepler: I make the further objection that wherein the defendant is accused of committing acts that would subject him to punishment, either fine or imprisonment, or both, in the discretion of the court, that therefore he should, by the court, be permitted to refuse to testify, because it might on other matters incriminate him or bring him and his reputation in ill repute. The referee: The objection is overruled.".

The privilege of a witness at a trial of refusing to answer on the ground that the answer may tend to incriminate him or expose him to public ignominy is a personal privilege and the proper time to claim it is upon the asking of the

question which the witness fears may incriminate him if answer is made. In the case at bar the question asked clearly shows that a question of privilege was not involved. Defendant contends, however, that it was raised by a motion to strike. This the defendant cannot do. The privilege must be claimed at the time the question is asked which the witness fears might incriminate him, and if he fails to so do the privilege is waived. We find no error in the record on this point.

The referee found that defendant was guilty as charged, beyond a reasonable doubt, on counts 3, 5 and 10. Defendant contends that the evidence is insufficient to sustain the findings of the referee.

The defendant admits that he has never been licensed to practice law in the state of Nebraska. The record shows, as to count 3, that one John McCleneghan died at Sidney, Nebraska, on April 7, 1934; that shortly thereafter his widow, Rena H. McCleneghan, called at the office of this defendant relative to the probate of her husband's estate. The evidence shows that defendant undertook to handle the administration of the estate as an attorney; that he filed a petition for the probate thereof in his own court and caused notice of hearing thereon to be published; that he advised with the said Rena H. McCleneghan relative to the payment of debts and the collection of accounts of the estate and the procedure to be followed in probating the estate. This clearly constitutes the practice of law.

As to count 5, the evidence shows that one John Scharrel of Lodgepole, Nebraska, about 78 years of age, was the owner of 22 quarter-sections of land in Cheyenne county and of personal property of the value of $60,000; that, on or about February 15, 1936, the defendant conferred and advised with the children and relatives of John Scharrel relative to the mental condition of Scharrel and the advisability of having a guardian appointed for him. The evidence shows that defendant advised the appointment of a guardian; that he drew and prepared a petition for the appointment of such guardian; that he prepared an order for

hearing and notice of hearing thereon; that he caused said notice to be delivered to the sheriff for service; that he subsequently appointed a guardian and prepared a bond for said guardian and caused the same to be executed; that he approved and filed the bond he had himself prepared, although it did not comply with the requirements of the law. This evidence is clearly sufficient to sustain the finding of the referee that defendant was engaged in the practice of the law.

The evidence relating to count 10 of the information shows that one Peter J. Lenzen, on or about September 11, 1933, was the guardian of his four children; that he counseled and advised with the defendant relative to his loaning as guardian the sum of $1,194.92, belonging to his wards, to himself personally; that upon the advice and consent of this defendant such loan was made; that defendant prepared a note and mortgage from Lenzen to Lenzen as guardian and caused it to be executed; that Lenzen borrowed the money to be used in a land transaction that he was making; that defendant drew the application for the order to invest the funds of the wards and the order granting the application; that defendant advised with Lenzen on the land transaction and prepared certain papers in connection with it. Lenzen testifies that he paid Barlow $5 for his services. The referee was clearly right in holding that defendant was practicing law as charged in count 10.

The evidence sustains the charges in counts 3, 5, and 10 that defendant was practicing law without a license. The record is replete with other transactions indicating that this defendant was holding himself out to the public as willing and able to do the work of a licensed lawyer. The record shows also that he had been warned of his unlawful actions without effect. The record as a whole is convincing to us that the unlawful practice of the law by this defendant was wilfully, contumaciously and knowingly done. Under such circumstances, the defendant is in contempt of this court and subject to punishment by this court for such contemptuous acts.

In view of the fact, however, that this case was brought not only to punish this defendant for and protect the public from his contemptuous conduct, but also for a determination by this court of what constitutes the practice of law, we are inclined to be lenient in the instant case. A small fine is also warranted because of the large amount of costs that have been incurred in the case. A fine of $25 on each of the three counts on which defendant was found guilty is hereby imposed.

JUDGMENT ACCORDINGLY.