FRED WHIPPLE V. EDMUND E. NELSON.

293 N. W. 382

FILED JULY 26, 1940. No. 30843.

*Perry, Van Pelt & Marti,* for plaintiff in error.

*Frank B. Morrison, contra.*

Heard before SIMMONS, C. J., ROSE, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

SIMMONS, C. J.

This case presents the question: Was the plaintiff in error guilty of contempt of court?

The defendant in error will hereinafter be called the plaintiff, and the plaintiff in error will hereinafter be called the defendant.

Plaintiff and defendant are adjoining landowners along Medicine creek in Frontier county, Nebraska, the plaintiff's land being east and below the land of the defendant. At one time Medicine creek made a ".U" turn on the land here involved. Some years ago a ditch was cut across the top of the "U" which shortened the channel and permitted the farming of land which had formerly been the main and auxiliary channels of the creek. Clifford canyon comes from the hills to the south and west, and in times of heavy rain forms a natural watercourse that emptied into the creek at the base of the "U" of the old channel. The defendant built a ditch, connecting with Clifford canyon, running east, south of the old creek channel, and ending at about the fence line between the plaintiff's and the defendant's land and at a point south of and near the old channel. In an action between the plaintiff and defendant, the trial court on March 28, 1939, found that the ditch was not constructed along the natural drainage course theretofore existing, that the ditch as constructed caused the surface waters accumulated in Clifford canyon to be conducted to and upon plaintiff's land at a point that was not a natural watercourse, and enjoined the defendant "from maintaining said ditch as now located and from causing surface water accumulated in and by said ditch to be cast upon the lands of the plaintiff." Thereafter, on June 16, 1939, the plaintiff filed his affidavit in the case, charging that the defendant had disobeyed the injunction, in that he has continued "to operate the drainage ditch * * * and to cause surface waters accumulated in and by said ditch to be cast upon the lands of the plaintiff and has refused * * * to prevent the accumulation of surface water and the water from Clifford canyon to pass through said ditch and onto the lands of the plaintiff."

Defendant was cited for contempt. He demurred and answered. After hearing was had, he was found guilty of contempt as charged in the affidavit.

Procedural questions advanced by the defendant may be here disregarded.

Subsequent to the entry of the injunction, defendant consulted his attorney, and upon his advice consulted the county surveyor as to what to do to comply with the order. He was advised to and did put two dams in the ditch, one at the end near plaintiff's land and one about 40 rods west therefrom at a point just east of the last draw coming out of the hills on his land. In building the latter dam, about 35 feet of the bank of the ditch was removed, which formed a spillway into the old channel bed. This left the ditch connecting with Clifford canyon, and running to a point where it discharged any waters therein into the old channel bed on defendant's land. In June unusually heavy rains occurred in the canyon, and at the time of the heaviest discharge of water therefrom, the water overflowed the dike at the upper end; several times water ran out of the ditch at the spillway fan-wise upon defendant's land and into Medicine creek; some of it followed the old watercourse to the plaintiff's land; and some of it washed out a part of the west dam and went on down the ditch to plaintiff's land, and on at least two occasions deposited débris on plaintiff's land and flooded a part thereof.

The plaintiff cites the statement in *Whitaker v. McBride,* 5 Neb. (Unof.) 411, 417, 98 N. W. 877, that a sentence imposed for contempt cannot be reviewed in a proceeding to which the state is not a party. There, as here, the state was not a party in the proceedings before the trial court. Proceedings for contempt of court may be reviewed in this court by the filing of a petition in error as in a criminal case. *Gentle v. Pantel Realty Co.,* 120 Neb. 630, 234 N. W. 574. This court has repeatedly reviewed contempt proceedings under the procedure here followed. The above language from *Whitaker v. McBride, supra,* is specifically disapproved in so far as it may be construed to deny a review of

a conviction for contempt by petition in error because the state is not a party.

Proceedings in contempt are governed by the rules applicable to prosecutions by indictment, are in their nature criminal, and no intendments will be indulged in to sustain a conviction. It is necessary to establish guilt beyond a reasonable doubt. *Gentle v. Pantel Realty Co., supra; Hydock v. State,* 59 Neb. 296, 80 N. W. 902; *State v. Barlow,* 132 Neb. 166, 271 N. W. 282.

Our statutes provide:

"Every court of record shall have power to punish by fine and imprisonment, or by either, as for criminal contempt, persons guilty of the following acts: * * * *Wilful* disobedience of or resistance wilfully offered to any lawful process or order of said court." Comp. St. 1929, sec. 20-2121.

"Disobedience of an injunction may be punished as a contempt by the court." Comp. St. 1929, sec. 20-1072.

The above provisions, while now appearing in separate sections of the statute, were part of the Code of Civil Procedure originally enacted in 1866. Vol. 2 Complete Session Laws of Neb. 1866-77, pp. 148, 177. They are to be construed together. *Gentle v. Pantel Realty Co., supra.* It follows that the disobedience of the injunction must be *wilful* before the breach thereof may be punished as a contempt. *Hawthorne v. State,* 45 Neb. 871, 64 N. W. 359.

The order here involved does not affirmatively tell the defendant what acts he must perform. However, the purpose of the order is clear, and that is that the ditch must not be so maintained as to cause surface water accumulated in and by said ditch to be cast upon the lands of the plaintiff.

What the defendant did here may be reconciled with a good faith attempt to comply with the purpose of the order. He consulted with the county surveyor on how to meet the problem, followed his advice, and apparently honestly believed that he had so handled the situation that there would be no recurrence of the evil. It was not sufficient, as cir-

cumstances have shown. A valid court order must be obeyed. The defendant must so change the structure of the ditch that the purposes of the order will be accomplished.

However, the evidence does not disclose a wilful violation of the order and "unless the disobedience of an order of court is wilful there is no contempt." *Hawthorne v. State, supra.*

The judgment of the trial court is reversed, and the plaintiff in error is discharged.

REVERSED AND PLAINTIFF IN ERROR DISCHARGED.