ALFRED H. OSBORNE, Petitioner, v. ARVID W. OWSLEY, Sheriff of Jackson County, Missouri, Respondent, No. 43666—264 S. W. (2d) 332.

DUKE W. PONICK, Petitioner, v. ARVID W. OWSLEY, Sheriff of Jackson County, Missouri, Respondent, No. 43667—264 S. W. (2d) 332.

Court en Banc, January 11, 1954.

Rehearing Denied, February 8, 1954.

*John S. Cannon, J. K. Owens* and *I. I. Ozar* for petitioner, Duke W. Ponick.

*Carl E. Enggas, James A. Moore* and *David M. Proctor, Jr.,* amici curiae; *Richard K. Phelps* of counsel.

546

ELLISON, J.—These are companion habeas corpus cases which have been brought here on transfer from the Kansas City Court of Appeals and consolidated for hearing. The Ponick case, 254 SW. (2d) 673, treats the facts and law at greater length. The Osborne case, 254 SW. (2d) 676, simply follows it. Both petitioners are lawyers and were attorneys for the plaintiff in a case captioned Ernest Smith v. Kansas City Public Service Company, a suit for damages for personal injuries arising out of a purported collision between a streetcar and a motorcycle, which was tried in March, 1949, in the Jackson County circuit court.

After investigation of their professional conduct by members of the bar appointed as amici curiae by the judge of the trial court both lawyers were charged with subornation of perjury for having brought into the trial of the Smith case as paid eyewitnesses certain persons whom they knew actually had no personal knowledge of the casualty, and of fabricating the testimony which those witnesses gave. The prosecuting attorney filed against both lawyers complaints for criminal contempt which charged the foregoing facts. The circuit court adjudged them guilty, and sentenced Osborne to 360 days in jail and a $1000 fine, and Ponick to six months in the county jail and imposed a fine of $500.

■ The petitioners Ponick and Osborne maintain the complaints against them were barred by Sec. 541.210, R.S.1949, V.A.M.S. a one year statute of limitation. The Ponick case sets out the statute with italics as shown below, but it eliminates the parts we have bracketed. "No person shall be *prosecuted, tried or punished for any offense,* other than felony, [or for any fine or forfeiture] *unless the* [indictment be found or] *prosecution be instituted within one year after the commission of the offense,* [or incurring the fine or forfeiture.]"

That is to say, it would eliminate the phrases concerning a fine, forfeiture and indictment, and make the section read: "No person shall be prosecuted, tried or punished for any offense other than felony, unless the prosecution be instituted within one year after the commission of the offense."

The respondent sheriff contends a criminal contempt is not an offense within the meaning of the Missouri statutes, citing Sec. 556.010, which provides: "The terms 'crime,' 'offense,' and 'criminal offense,' when used in this or any other statute, shall be construed to mean *any* offense, as well misdemeanor as felony, for which any punishment by imprisonment or fine, or both, may by law be inflicted." So also it was held in Osborne v. Purdome (Mo. banc) 250 SW. (2d) 159, 160, a habeas corpus case where the petitioner was held guilty of criminal contempt that "criminal contempt proceedings are not criminal cases within the meaning of the Constitution, statutes and case law of Missouri." The same subject matter was reviewed in Osborne v. Purdome (Mo. banc) 244 SW. (2d) 1005, 1012(9), 29 A.L.R. (2d) 1141, where it was held contempt proceedings are not criminal cases. And furthermore the petitioners here were guilty of subornation of perjury, which is a felony, Sec's 557.020(3), 557.040, 557.050.

A prosecution for criminal contempt is not itself a criminal case but a proceeding inherent in the court—a proceeding sui juris, State ex rel. Wright v. Barlow, 132 Neb. 166, 168, 271 N.W. 282, 283-4 (1-3). So also it was said in State ■ ex rel. Pulitzer Pub. Co. v. Coleman, 347 Mo. 1238, 152 SW. (2d) 640, that the power to punish for contempt is derived from the Constitution and is a part of the inherent judicial power of the courts—a power to perform what is generally recognized as the judicial function.

■ There is, in our opinion, no basis for the contention that the trial court did not have power to punish the petitioners Ponick and Osborne for contempt for fabricating perjured testimony and injecting it into the trial through suborned witnesses.

The writs of habeas corpus were improvidently issued by the Court of Appeals and are ordered quashed.

*Hyde, Leedy* and *Dalton, JJ.,* concur; *Hollingsworth, J.,* and *Conkling, C. J.,* concur in result; *Tipton, J.,* dissents because he concurs in opinion of Kansas City Court of Appeals.