STATE OF NEBRASKA EX REL. CLARENCE S. BECK, ATTORNEY GENERAL, PLAINTIFF, v. PHILIP B. LUSH ET AL., DEFENDANTS.

95 N. W. 2d 695

Filed April 10, 1959. No. 34257.

*Clarence S. Beck,* Attorney General, *Robert A. Nelson,* and *John S. Samson,* for plaintiff.

*Crosby, Pansing & Guenzel* and *Chauncey E. Barney,* for defendants.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is an original action brought by the Attorney General in behalf of the State of Nebraska after this court had granted its application for leave to do so. The original information charged the defendants therein named with conduct allegedly constituting contempt of this court. Thereafter, with our permission, an amended information was filed against certain of the same defendants alleging the following:

"That the defendants, and each of them, at all times hereinbefore mentioned, and in doing and committing each and everyone of the acts set forth in each and every one of the above and foregoing counts, were operating pursuant to the conspiracy, scheme and device set forth in paragraphs I to VI herein, and did wilfully, knowingly, contumaciously, unlawfully and intentionally commit the following offenses:

    (1) Engage in the practice of law in the State of Nebraska without a license to do so;

    (2) Engage in the practice of 'Ambulance Chasing,'

and in stirring up strife and litigation for the purpose of instituting suits thereon within as well as outside the State of Nebraska; and

(3) Committed the offense of champerty and maintenance.

"That all of said offenses were committed without respect for and in direct contempt of the power, dignity and authority of this honorable Court to regulate the practice of law in the State of Nebraska and the due administration of justice therein, and in direct contempt of the power, dignity and authority of all other lawfully created Courts of the State of Nebraska, and said defendants, and each of them, are therefore subject to punishment by this Court for criminal contempt."

Issues having been joined, this court appointed Paul H. Bek as referee to take testimony and make a report to this court based thereon. Bek took the oath required of him as referee and qualified as such. Thereafter the State, under authority of section 25-1267.37, R. R. S. 1943, propounded interrogatories to certain of the defendants. These were objected to by all of the defendants. Some of the defendants moved for an order to suppress them. The State also filed motions directed to certain of the defendants for the discovery and production of documents for inspection, copying, or photographing. This was presumably done under the authority of section 25-1267.39, R. R. S. 1943. The defendants objected to these motions and asked that they be denied. The referee overruled all objections to both the interrogatories propounded and to the motions for discovery and production of documents for inspection, copying, or photographing. Because of the importance of the question involved we have, at the request of the defendants, decided to review the correctness of the referee's rulings.

The parties agree the question involved is: "May the State in a prosecution for criminal contempt obtain information from the accused through the use of written

interrogatories and discovery by production of documents, as permitted by sections 25-1267.37 through 25-1267.39?"

"Proceedings for contempt not committed in the presence of the court are instituted by filing an information under oath stating the facts constituting the alleged contempt. An attachment or order to show cause will then be issued, and the party accused brought before the court. * * *" Gandy v. State, 13 Neb. 445, 14 N. W. 143.

A proceeding for contempt is sui generis and summary in its nature. It partakes of some of the elements of both civil and criminal proceedings but, strictly speaking, it is neither. It belongs to a class of proceedings inherent in the court and deemed essential to its existence. See, State ex rel. Wright v. Barlow, 132 Neb. 166, 271 N. W. 282; Butterfield v. State, 144 Neb. 388, 13 N. W. 2d 572, 151 A. L. R. 745. In State ex rel. Wright v. Barlow, *supra,* we held that such a proceeding was not a "criminal case" within the meaning of Article I, section 12, of the Constitution of the State of Nebraska nor "criminal prosecutions" within the meaning of Article I, section 11, thereof. Consequently the defendant, in a criminal contempt case, can not invoke the provisions of the foregoing constitutional provisions but may be called as a witness therein and required to testify.

The old common law concept of interrogatories, as used in criminal contempt cases, has no application in this jurisdiction. Thereby the party charged could exculpate himself by denying the charges made against him in answering such interrogatories and the only relief available to the State, if it thought the answers given were false, was to charge the defendant with perjury. This court has held that if the acts complained of are denied then the court should hear the evidence and determine whether or not the party charged is guilty. See, Gandy v. State, *supra;* Nebraska Children's Home Society v. State, 57 Neb. 765, 78 N. W. 267.

.

Contempt, being without any particular form of action, is not subject to the limitations of procedure prescribed for the conduct of either civil or criminal actions. See State ex rel. Wright v. Barlow, *supra*. However, we have often said that a prosecution for criminal contempt is governed by, and to be conducted in accordance with, the strict rules applicable in criminal prosecutions. See, State ex rel. Wright v. Barlow, *supra;* McCauley v. State, 124 Neb. 102, 245 N. W. 269; Yearsley v. State, 132 Neb. 286, 271 N. W. 802. The information in the case at bar charges criminal contempt. See, State ex rel. Wright v. Barlow, *supra;* Butterfield v. State, *supra*.

Sections 25-1267.37 through 25-1267.39, R. R. S. 1943, had as their source Rules 33 and 34 of the Federal Rules of Civil Procedure. They were enacted by the 1951 Legislature and are found in the Session Laws of 1951 as sections 1 and 2 of chapter 66 and as section 37 of chapter 68. Both, by their respective titles, relate the subject matter thereof to procedure in civil actions. In order to understand what the Legislature meant by using this language it should be remembered that the procedure for contempt proceedings, as provided by the Legislature, is found in Chapter 25, R. R. S. 1943, relating to "Civil Procedure." See §§ 25-2121 through 25-2123, R. R. S. 1943. However, this statutory proceeding for contempt does not limit the power of this court to punish for contempt. See, State v. Bee Publishing Co., 60 Neb. 282, 83 N. W. 204, 83 Am. S. R. 531, 50 L. R. A. 195; Nebraska Children's Home Society v. State, *supra;* State ex rel. Wright v. Barlow, *supra*. As stated in Nebraska Children's Home Society v. State, *supra:* "The power to punish for contempt is incident to every judicial tribunal, derived from its very constitution, without any express statutory aid, * * *."

While we have, in some instances, followed the strict rules applicable in criminal prosecutions in cases of criminal contempt, such as here, there are, however,

many instances when we have not seen fit to do so. We have said the charge must be by information, Gonzalez v. State, 119 Neb. 13, 226 N. W. 801; that the charge must be made with the same particularity as in a criminal complaint, Cornett v. State, 155 Neb. 766, 53 N. W. 2d 747; that the guilt of the person charged must be established beyond a reasonable doubt, Whipple v. Nelson, 138 Neb. 514, 293 N. W. 382; Butterfield v. State, *supra;* and that on appeal to this court it should be by petition in error, Whipple v. Nelson, *supra.* On the other hand we have said that a preliminary hearing was not necessary, Kopp v. State, 124 Neb. 363, 246 N. W. 718; that it was not necessary to have a formal arraignment, Nebraska Children's Home Society v. State, *supra;* that a failure to deny was a confession of the charges and left no issue to be tried, Hanika v. State, 87 Neb. 845, 128 N. W. 526; Nebraska Children's Home Society v. State, *supra;* State ex rel. Wright v. Hinckle, 137 Neb. 735, 291 N. W. 68; and that the party so charged was not entitled to a trial by jury, Gandy v. State, *supra;* Hanika v. State, *supra.*

We have directly passed on the question herein involved in State ex rel. Wright v. Barlow, *supra.* Therein we approved the State calling the party charged as a witness and the use of a deposition. In support of the latter we cited State ex rel. Spillman v. Priest, 118 Neb. 47, 223 N. W. 635, a disbarment case, which proceeding is in the nature of a civil action. See, also, State ex rel. Nebraska State Bar Assn. v. Bachelor, 139 Neb. 253, 297 N. W. 138; State ex rel. Nebraska State Bar Assn. v. Richards, 165 Neb. 80, 84 N. W. 2d 136. It is significant to note in the case of State v. Lovell, 117 Neb. 710, 222 N. W. 625, an original action brought in this court for criminal contempt, that after the State called the defendant therein charged as a witness none of the then members of this court objected to the State doing so. In fact, after counsel for the State had examined the witness, each member of the court did so. We have come to the conclusion that this court has adopted the

rules of evidence in civil cases as applicable to criminal contempt cases and we can see no good reason for our now departing therefrom.

Each of the defendants herein charged, as well as any other witness in a case of this character, is fully protected by section 25-1210, R. R. S. 1943, from being required to answer if the matter sought to be elicited from him would, in any manner, tend to render him criminally liable or expose him to public ignominy. This statute provides, insofar as here material, that: "When the matter sought to be elicited would tend to render the witness criminally liable, or to expose him to public ignominy, he is not compelled to answer, * * *." However, to avoid waiver thereof, objections based on this statute must be made when the witness is confronted with a question or interrogatory seeking such information. See State ex rel. Wright v. Barlow, *supra*.

We have come to the conclusion that the referee's rulings were proper and the same are therefore sustained.

RULINGS OF REFEREE SUSTAINED.