STATE OF NEBRASKA, APPELLEE, v. PAUL E. RHODES,
APPELLANT.

222 N. W. 2d 837

Filed October 31, 1974. No. 39490.

Paul E. Rhodes, pro se.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-Cown, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

Defendant was convicted of contempt of court on November 21, 1960, and sentenced to serve 9 months at hard labor in the Nebraska State Penitentiary and to pay a fine of $2,500. On November 18, 1968, he filed a motion to vacate and expunge the judgment from the record. The motion was finally heard and overruled January 30, 1974, and defendant appeals.

This court will take judicial notice of the fact that defendant's conviction of contempt was appealed to this court and dismissed for failure of defendant to file a brief. The order of dismissal was entered on *September 26, 1961.*

As grounds for his motion he states that the sentence was void as he was not present when it was pronounced; it included "hard labor"; he was required to be a witness against himself; and he was denied the right of confrontation. It may be noted that defendant was aware of all these matters at the time of his direct appeal but failed to urge them.

It is noted that the record fails to disclose the filing of a motion for new trial and no action appears to have been taken to vacate the judgment until 8 years had elapsed. If the motion is to be considered as a motion for a new trial, it was filed out of time. See §§ 25-1143 and 25-1145, R. R. S. 1943. Section 25-2008, R. R. S. 1943, prescribes the time within which an application to vacate a judgment must be commenced. It was not complied with.

Should we view defendant's motion as an application for a writ of error coram nobis, it would not avail him. In Newcomb v. State, 129 Neb. 69, 261 N. W. 348, this court ruled that the proceeding must be commenced within the time allotted by section 25-2008, R. R. S. 1943.

"Where the facts alleged are known to the applicant before or during the progress of the trial, or could have been known by the exercise of reasonable diligence, the writ must be denied. * * *

"The purpose of a writ of error coram nobis is to enable the court to recall some adjudication, made while some fact existed which, if before the court, would have prevented rendition of the judgment, and which, through no fault of the party, was not presented." Hawk v. State, 151 Neb. 717, 39 N. W. 2d 561.

"The writ of error coram nobis is not a substitute for a writ of error brought to correct errors of law apparent on the record." Parker v. State, 178 Neb. 1, 131 N. W. 2d 678.

A writ of error coram nobis lies only to correct errors of fact in ignorance or disregard of which the

judgment was pronounced. See Hawk v. State, *supra*. Defendant does not here present an issue of fact but restricts his motion solely to questions of law.

Notwithstanding defendant's procedural deficiencies we will consider the merits of his motion. It was held in Rhodes v. Houston, 258 F. Supp. 546 (1966), a case based on the same facts now before us, that: "An action to obtain punishment for contempt of court is not itself a criminal proceeding, even though it may result in a sentence to the payment of a fine or to imprisonment or both."

In State ex rel. Beck v. Lush, 168 Neb. 367, 95 N. W. 2d 695, this court held that a proceeding for contempt was not a criminal action and not subject to constitutional provisions governing such actions. The court said: "A proceeding for contempt is sui generis and summary in its nature. It partakes of some of the elements of both civil and criminal proceedings but, strictly speaking, it is neither. It belongs to a class of proceedings inherent in the court and deemed essential to its existence." In this connection see, also, §§ 25-2121, 25-2122, and 25-2123, R. R. S. 1943.

We have heretofore determined that the constitutional right of confrontation does not apply to criminal contempt proceedings. See, State ex rel. Wright v. Barlow, 132 Neb. 166, 271 N. W. 282; State ex rel. Beck v. Lush, *supra*.

In the present instance the defendant purposely absented himself, and instructed his attorney not to appear, during the final moments of the hearing in the District Court and the entry of judgment by the court. He had notice of the hearing and an opportunity to be heard. The court had jurisdiction and the presence of defendant, or his counsel, was not required to satisfy due process. See 17 Am. Jur. 2d, Contempt, § 93, p. 85. If it were required, defendant himself an attorney at law must be deemed to have waived the right.

In regard to the assertion that he was required to be a witness against himself, it is well answered by the following excerpt from a related case, Rhodes v. Houston, 418 F. 2d 1309 (1969): "And so far as he would assert violation of a fifth amendment privilege against self-incrimination at his state trial, the answer is (a) that the testimony evoked from him, as the record reads, is hardly to be deemed as incriminatory and (b) Malloy v. Hogan, 378 U. S. 1, 84 S. Ct. 1489, 12 L. Ed. 2d 653 (1964), was decided after Rhodes' Nebraska state trial in 1960, and we do not apply Malloy v. Hogan retroactively. See Tehan v. United States ex rel. Shott, 382 U. S. 406, 86 S. Ct. 459, 15 L. Ed. 2d 453 (1966)."

Defendant also insists that his sentence to "hard labor" was void. At this late date the question is moot. Defendant has served his sentence. The record in Rhodes v. Meyer, 334 F. 2d 709 (1964), disclosed that no part of the time served was at "hard labor." Regardless of that, his sentence to 9 months imprisonment was not void. At best, only that portion of his sentence specifying "hard labor" was open to question and if found to be incorrect could have been set aside on completion of a direct appeal.

It may be well to note that the identical propositions here presented have been previously litigated and determined adversely to defendant. See, Rhodes v. Houston, 202 F. Supp. 624, affirmed 309 F. 2d 959, cert. den. 372 U. S. 909, 83 S. Ct. 724, 9 L. Ed. 2d 719, cert. den. 383 U. S. 971, 86 S. Ct. 1282, 16 L. Ed. 2d 311, motion denied 258 F. Supp. 546, affirmed 418 F. 2d 1309, cert. den. 397 U. S. 1049, 90 S. Ct. 1382, 25 L. Ed. 2d 662; Rhodes v. Meyer, 225 F. Supp. 80, 334 F. 2d 709, cert. den. 379 U. S. 915, 85 S. Ct. 263, 13 L. Ed. 2d 186.

The judgment of the District Court is affirmed.

AFFIRMED.