WILLIAM O'CONNER, APPELLANT, V. H. C. FIELDS ET AL., APPELLEES.

FILED OCTOBER 16, 1907. No. 14,895.

1. Exceptions, Bill of. To be considered in this court a bill of exceptions must be authenticated as required by law.

2. ———: WITHDRAWAL. This court, on proper application and showing, will permit a bill of exceptions to be withdrawn for the purpose of having the certificate of the clerk of the district court attached thereto.

3. ———: ———. A certificate of the clerk of the district court attached to a bill of exceptions after it has become one of the files in this court, and procured without authority of this court, is unwarranted, and will be wholly disregarded.

4. Judgment of the trial court examined, and *held* responsive to the pleadings.

APPEAL from the district court for Dixon county: GUY T. GRAVES, JUDGE. *Affirmed.*

*William V. Allen* and *C. A. Kingsbury,* for appellant.

*John V. Pearson, McCarthy & McCarthy* and *R. E. Evans, contra.*

EPPERSON, C.

The judgment appealed from was rendered March 30, 1906. On September 21, 1906, plaintiff filed with the clerk of this court a transcript of the pleadings and judgment of the district court, and also a purported original bill of exceptions which had not then been authenticated. This court has been at no time requested to permit the bill of exceptions to be withdrawn for the purpose of having it authenticated, or for any other purpose, notwithstanding which, there now appears upon the bill the filing mark of the clerk of the district court indicating that it was filed in his office May 7, 1907; and on the same date the clerk certified that it was the original bill of exceptions. At

that time the bill was part of the records of this court. No one had authority to withdraw it for the purpose of filing it in any other court, or for the purpose of adding anything whatever thereto. This court, on proper application and showing, will permit a bill of exceptions, for the purpose of having the certificate attached, to be withdrawn, but it must be upon an application and a showing that the party is entitled to have it withdrawn. The withdrawing of the bill and the adding thereto the filing mark and certificate of the clerk of the district court is an unwarranted interference with the records of this court. No right should or will be predicated upon such interpolation. Such amendments will be wholly disregarded.

Plaintiff suggested a diminution of the record, and asked this court for an order directed to the clerk of the district court requiring him to certify that the bill of exceptions was filed in his office on the date that the transcript was certified and transmitted. The evidence fails to sustain the plaintiff's contention in this regard; and, in view of the affidavit of the clerk of the district court positively denying that the bill was ever filed in his office or presented to him prior to May 7, 1907, and the other evidence corroborating him, we cannot recommend the amendment suggested. But, were we to allow the amendment and grant the plaintiff everything he asks for in the motion, the bill of exceptions would yet remain unauthenticated. Under the rule frequently announced, we cannot consider the bill of exceptions, but are confined in our inquiry to the sufficiency of the pleadings to support the judgment.

The form and substance of the judgment are objected to. The judgment, after awarding to the plaintiff the amount of the verdict, proceeds as follows: "And the jury having found the mill of the defendants to be of public utility, and having by their verdict assessed the damages the plaintiff has sustained and will sustain by the erection and continuance of the milldam complained of in this action, it is further ordered and adjudged that such assessment of damages, when fully paid and satisfied, the same

being hereby approved and confirmed by the court; shall bar the recovery by the plaintiff, his heirs and assigns for any damages or injury sustained previous or subsequent to the date of the *ad quod damnum* jury impaneled in this action and caused by the dam of the defendants as then maintained." Originally the action was for a writ of *ad quod damnum* by plaintiff, an upper landowner, against the defendants, the owners of the grist-mill, who had, it is alleged, maintained the dam in connection with their mill since 1898. A jury of inquest was appointed, but as to their proceedings the record is silent. It seems that they disagreed. Later an amended petition was filed, containing more definite statements as to the alleged damages, and praying judgment for $5,000, and for a writ *ad quod damnum,* and that his permanent and other damages caused by the overflow be ascertained as required by law. Plaintiff abandoned his demand for a writ and proceeded as in an ordinary case for damages.

It is contended by defendants that plaintiff had no right to proceed until a jury of inquest had made a return, as plaintiff had elected to sue out a writ of *ad quod damnum* under his original petition. It is unnecessary to determine this point upon plaintiff's appeal. It seems that under section 7313, Ann. St., plaintiff had the right to proceed as he did. See *Kyner v. Upstill,* 29 Neb. 768. It was the plaintiff's theory, upon which the case was tried, as shown by the pleadings and judgment, that the action was for the purpose of determining his damages under the mill and milldam act. The only irregularity, if any, being the abandonment of the inquest, and of this the plaintiff cannot and does not complain. Section 7316, Ann. St., provides: "Where the petition is brought to obtain leave to build or continue a milldam, and such leave is granted, or where it is brought against the owner of a milldam as aforesaid, the court may render judgment for the damages assessed against the person owning or proposing to build such mill; and such assessment of damages, when fully paid and satisfied, after confirmation

thereof by the court, shall bar a recovery for any damages or injury sustained previous or subsequent to such inquest in any and every action at law. Provided, however, that where the petition is brought against the owner of a mill-dam already built as aforesaid, unless the mill is found to be of public utility, such assessment, though paid and satisfied, shall not bar a recovery for damages or injuries which may accrue thereafter." The judgment being responsive to this section of the statute should not be disturbed.

Defendants filed a cross-appeal, but do not urge their assignments of error. Instead, they insist upon an affirmance of the judgment. We therefore do not consider their appeal.

We recommend that the judgment of the district court be affirmed, and that plaintiff's motion to supply the record be overruled.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is affirmed, and the motion to supply the record overruled.

AFFIRMED.