OF

## THE STATE OF NEW JERSEY.

## 1914.

---

EDWIN ROBERT WALKER, ORDINARY.

JOHN R. EMERY, FREDERIC W. STEVENS, EUGENE STEVENSON,
EDMUND B. LEAMING, JAMES E. HOWELL, VIVIAN M.
LEWIS, JOHN H. BACKES AND JOHN GRIFFIN,
VICE-ORDINARIES.

---

In the matter of S., one of the proctors of the prerogative
court.

[Decided August 21st, 1914.]

1. S. presented a petition for the appointment of an administrator *ad
prosequendum*, on which an order was entered appointing the clerk in
chancery as such administrator, the petition and order being delivered
to S. for filing. He having failed to file the same until after he learned
that an administratrix had been appointed for the decedent in the or-
phans court, and that an order of revival would not be made until the
order of the ordinary appointing the administrator *ad prosequendum* in
the prerogative court had been vacated, S. stated that he had destroyed

607

the petition and order without filing them.—*Held*, that the order could only be nullified by vacation by the court granting it, and its destruction constituted a contempt.

2. A judge may destroy an order which he has signed, before it is filed, with the consent of the party obtaining it, treating it as inchoate and not consummate until made a matter of record, but an officer of the court has no right to destroy an order which he has obtained, out of the presence of the court and without its consent, though it had not been filed.

3. Where a proctor, having obtained an order from the court, sought to vacate it by destroying the petition and order before it had been filed, his lack of bad motive or intent to commit a contempt in so doing was sufficient to mitigate, but not to excuse, the offence.

*In re* contempt of court.

WALKER, ORDINARY.

S., one of the proctors of the prerogative court, preferred a petition to the ordinary, on behalf of himself as receiver in a certain cause depending in the court of chancery, praying that an administrator *ad prosequendum* might be appointed to represent the estate of a deceased defendant in that suit in that court; and thereupon an order was made that letters of administration be granted by the register of this court to the clerk in chancery for the usual limited purposes. The reason assigned for asking for the appointment was that no application had been made for letters upon the estate of the decedent by anyone entitled thereto.

After signing the order appointing the clerk in chancery as administrator *ad prosequendum,* the ordinary handed the petition and order therefor to the proctor, S., who was the petitioner, for filing. Some time afterward S., the proctor, as receiver in the chancery cause, applied to the chancellor for the revival of that suit against the administratrix of the deceased defendant appointed by the orphans court, and for whose estate, as already mentioned, the clerk in chancery had been appointed administrator *ad prosequendum* by the ordinary. Upon being informed by the ordinary that before the revival of the suit in chancery would be ordered against the administratrix appointed by the orphans court, the order of the ordinary appointing the administrator *ad·prosequendum* in the prerogative court would

have to be vacated, the proctor stated that he had destroyed the petition and order. Whereupon the ordinary charged the proctor with contempt of court for his having, without authority, failed to file, and for having destroyed a petition preferred in the prerogative court and an order made thereon by the ordinary.

The proctor's excuse for his conduct is, that after the order appointing the administrator *ad prosequendum* was made in the prerogative court, he learned that an administratrix of the estate of the deceased had been appointed in the orphans court, and believing that she was entitled to defend the suit for the estate of the deceased in preference to the administrator formally appointed, and not having filed the order and petition in the prerogative court, he thought he might lawfully destroy them, and thus be saved the trouble of taking proceedings to vacate and annul the appointment of the administrator *ad prosequendum*. The latter proved a vain hope, because the ordinary compelled the proctor to immediately file a petition suggesting the facts, and ordered office copies of the petition and order appointing the administrator *ad prosequendum* to be filed in the prerogative court, and then made an order revoking the appointment of the clerk in chancery as administrator *ad prosequendum*.

As the destruction of a deed does not divest the title by it conveyed, so likewise the destruction of an order of a court does not operate to vacate it or destroy its effect. Hence, the order that the proceedings in the prerogative court be established by the filing of office copies, and revocation of the order made in the regular way.

That a judge may destroy an order which he has signed, before it is filed, with the consent of the party obtaining it, and more especially upon his request, treating it as inchoate and not consummate until made a matter of record, I have no doubt; but that an officer of the court has any right to do such a thing out of the presence of the court and without the consent or request of the court, even though it is not filed, I deny. Only the court that makes an order can unmake it, either formally or informally. That an officer of the court can be guilty of such a thing and see no harm in it, as in the case before me, passes my comprehension.

39

S., the proctor, when charged with contempt, agreed to submit the matter on the facts above stated, and did not require arraignment on formal charges. His only defence is a disclaimer of intentional wrong-doing.

As I said in the matter of P., a solicitor of the court of chancery (*83 N. J. Eq. 390*) :

"This, as a rule, is no excuse, especially where the facts constituting the contempt are admitted, or where a contempt is clearly apparent from the circumstances surrounding the commission of the act. *9 Cyc. 25.* Disavowal of any intention to commit a contempt may, however, extenuate or even purge the contempt. *Ibid. 26.*"

That the destruction of a petition preferred to a court, and an order made thereon, is at least a contempt of that court goes without saying, and needs not the citation of authorities to support the proposition. Lack of bad motive mitigates, but cannot wholly excuse, the transgression.

Upon reflection. I am convinced that my duty requires me to adjudge that S., the proctor, has been guilty of a contempt of the prerogative court. The matter of punishment will be reserved for further consideration.