ELVEN A. BUTTERFIELD, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.

13 N. W. 2d 572

FILED MARCH 10, 1944. No. 31637.

*Jesse L. Dougherty, August Wagner* and *Webb Rice,* for plaintiff in error.

*Walter R. Johnson, Attorney General,* and *Rush C. Clarke, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER and CHAPPELL, JJ., and POLK and NUSS, District Judges.

CARTER, J.

Defendant was proceeded against for a constructive criminal contempt. The trial court found him guilty and assessed a fine of $300 and costs. Defendant seeks a review in this court by petition in error.

Defendant is a practicing lawyer at Neligh, Nebraska. He is charged by the first count of the information with removing a page of an amended petition which he had filed in the office of the clerk of the district court and substituting another without leave of court, which substituted page contained statements materially different from the original in that the words "the southwest quarter of the southwest quarter of section 6, township 25 north, range 6 west of the 6th P. M., Antelope county, Nebraska," were substituted for the words "the southwest quarter of the southwest quarter of section 7, township 25 north, range 7 west of the 6th P. M., Antelope county, Nebraska." The second count charges defendant with disorderly, contemptuous and insolent behavior toward the district court for Antelope county in that at a subsequent hearing, upon being asked by the court if he committed the acts recited in count one, he made a false answer to said court when he well knew it to be false for the purpose of defrauding and deceiving the court. The third count charges that the defendant at a subsequent hearing, after committing the acts recited in counts one and two of the information, produced a carbon copy of the amended petition and asserted that it was a correct copy of the original, when in fact it was not a true copy of the orig-

inal amended petition in that it did contain the substituted page referred to in count one of the information.

The evidence shows that on February 16, 1942, defendant filed a partition suit in the district court for Antelope county entitled Lester West et al. v. Ruth E. Greeley et al. to secure the partition of certain lands. It appears that another attorney, Harold Rice, discovered that one tract of forty acres was erroneously described in the petition and on February 24, 1942, filed an answer and cross-petition praying for the partition of the same lands correctly described in his cross-petition. Defendant thereupon filed an amended petition in which was contained the erroneous description recited in the first count of the information. The evidence shows that defendant filed a plea in abatement to the cross-petition filed by Rice and when it came up for hearing it was discovered that page two of the amended petition had been removed and a new one substituted which contained a proper description of all the real estate involved in the partition action. There is evidence in the record that Rice and Elmer C. Rakow, another attorney at Neligh, examined the amended petition and observed the erroneous description therein shortly after the amended petition was filed. A handwriting expert identified a page number on the substituted copy as the handwriting of the defendant. The defendant, when questioned by the trial judge, as well as by his plea to the information filed against him, denied that he had committed the acts charged. He contends that the page was substituted before he ever filed the amended petition and that no change was thereafter made by him. After an examination of all the evidence we must necessarily conclude that the evidence is sufficient to sustain the finding by the trial court.

A prosecution for criminal contempt is *sui generis*, neither civil nor criminal, but in the nature of a criminal proceeding. To sustain a conviction the guilt of the defendant must be shown beyond a reasonable doubt. Also, the strict rules which govern criminal prosecutions apply to a prosecution for criminal contempt. *State v. Barlow*, 132 Neb. 166, 271 N. W. 282.

The defendant contends that count one of the information did not charge a criminal contempt and that his demurrer thereto was improperly overruled. Our statute provides in part that any wilful attempt to obstruct the proceedings, or hinder the due administration of justice in any suit, proceeding, or process pending before the courts, constitutes a criminal contempt. Comp. St. 1929, sec. 20-2121. The abstraction of a page of a pleading and the substitution of another therefor, with intent to deceive and mislead the court, constitute a criminal contempt. In *United States v. Ford,* 9 Fed. 2d 990, a case where the defendant was charged with making unauthorized changes in a bill of exceptions, the court said: "Little need be said to emphasize that the administration of justice depends upon the integrity of judicial proceedings and records. Falsification of either obstructs and defeats justice. In consequence, if falsification be done or attempted intentionally in fact or equivalent as aforesaid, it is contempt of the authority of the court, and usually also a crime. Done by an attorney of the court, it is more reprehensible than by others; for it is an abuse of his office, a betrayal of his trust, a violation of his oath, infidelity to the court to which, and not to his client, is counsel's first duty always, and a profanation of the temple of justice. All this is conceded here as everywhere."

In a case where an attorney, after obtaining an order from a court, sought to vacate it by destroying the petition and order before it had been filed, the court said: "That the destruction of a petition preferred to a court, and an order made thereon, is at least a contempt of that court goes without saying, and needs not the citation of authorities to support the proposition. Lack of bad motive mitigates, but cannot wholly excuse, the transgression." *In re S.,* 83 N. J. Eq. 607, 91 Atl. 801. See, also, *Baldwin v. State,* 11 Ohio St. 681; *In re P.,* 83 N. J. Eq. 390, 91 Atl. 326; *O'Conner v. Fields,* 79 Neb. 840, 113 N. W. 528.

It is urged, however, that defendant had a right to amend the amended petition under the provisions of section 20-849, Comp. St. 1929, which provides: "The plaintiff may

amend his petition without leave, at any time before the answer is filed, without prejudice to the proceeding; but notice of such amendment shall be served upon the defendant, or his attorney, and the defendant shall have the same time to answer or demur thereto as to the original petition." This statute, assuming that it has application to the case before us, contemplates an amendment openly made and that the date thereof be made known to the opposite party so that he may thereby be apprised of the time within which he must plead. The charge here is that he not only tampered with and changed the amended petition, but that he did so with an intent to defraud and deceive the court and for the purpose of hindering the due administration of justice. We are of the opinion that count one of the information is sufficient to charge a criminal contempt.

The defendant urges, also, that count two fails to charge a criminal contempt. In this count defendant is charged with falsifying to the court in answer to the court's inquiry with respect to the substitution of a page in the amended petition described in count one, and that such statement was known to be false and was made for the purpose of deceiving and defrauding the court and obstructing and hindering the due administration of justice. False statements made by an attorney to a court for the purpose of deceiving the court constitute a criminal contempt. This is so whether or not it is specifically defined as such by section 20-2121, Comp. St. 1929, because that statute is declaratory of the common law as far as its provisions go and does not have the effect of limiting the common law or the inherent powers of the court to punish for contempt. *In re Dunn,* 85 Neb. 606, 124 N. W. 120; *Goodhart v. State,* 84 Conn. 60, 78 Atl. 853.

In *Goodhart v. State, supra,* the court aptly stated the rule as follows: "The due administration of justice requires that statements to the court by attorneys and its other officers shall be such that the court may rely upon their truthfulness with absolute confidence. The law demands this; and attorneys, when they are admitted to the bar, are re-

quired to take an oath, not only that they will do no falsehood, nor consent to any to be done in court, but that, if they shall know of any to be done, they will inform the court thereof, to the end that it may be reformed. To deceive the court by untruthful statements for the purpose of securing the admission of testimony is unlawful and disorderly conduct, and a contempt in the face of the court." We submit that an attorney at law, as an officer of the court, is guilty of a criminal contempt if he falsifies to the court with intent to deceive and thereby hinders, obstructs or defeats the administration of justice. Any other rule would degrade the dignity of the court and lower the confidence of the public in the judicial system.

The defendant likewise urges that count three is insufficient to charge a contempt. Defendant was therein charged with having produced a carbon copy of the amended petition and having asserted to the court that it was a true copy of the original when it in fact was a carbon copy of the altered amended petition as it appeared after defendant had changed it. We think such acts when done with intent to hinder the administration of justice constitute a criminal contempt. The cases cited with reference to counts one and two are sufficient to sustain this holding.

While we do not condone the gravity of the offense committed by the defendant, there are certain mitigating circumstances apparent from the record which warrant a reduction in the amount of the fine. It is quite evident to us that the answer and cross-petition filed by Harold Rice in the partition suit had for one of its purposes the obtaining of control of the case in order that the fee payable from the proceeds of the sale would go to him instead of the defendant. It also appears that the trial judge was formerly a law partner of Rice. It seems clear from the circumstances recited in the record that defendant obtained the notion that the trial court would lend his assistance to Rice in carrying out his ill-conceived plan. Both attorneys appeared to be operating upon the theory that the first petition on file which properly described the property to be partitioned

would carry with it the attorney's fee ordinarily paid from the proceeds of the partitioned property. If, as the record indicates, the defendant was obsessed with the idea that the case was being unethically taken from his control, we can see why he impulsively undertook to correct the legal description to the lands by rewriting and substituting the page for the one containing the erroneous description without any purpose of committing an offense of the gravity which we have herein expressed. The unseemly plan instigated by Rice set in motion the events which led to this unfortunate offense. The animosity of these two attorneys, testified to in the record and which was permitted to affect the conduct of this litigation, reflects no credit to the legal profession. The whole transaction is indicative of the sordid results that can be generated when personal enmities are permitted to come into play in the trial of a lawsuit. A proper professional attitude ordinarily places more restraints upon the primitive instincts than is shown to have been exercised by the attorneys in the litigation out of which this prosecution arose.

We feel that under the circumstances shown by this record the fine imposed should be reduced to $25. As thus modified, the judgment of the trial court will be affirmed.

AFFIRMED AS MODIFIED.