JOHN STASKIEWICZ, PLAINTIFF IN ERROR, V. STATE OF
NEBRASKA, DEFENDANT IN ERROR.

14 N. W. 2d 184

FILED APRIL 11, 1944.   No. 31733.

Frank L. Burbridge and William M. Giller, for plaintiff
in error.

Kelso Morgan, Philip R. Kneifl and C. E. Walsh, contra.

Heard before SIMMONS, C. J., PAINE, CARTER, YEAGER,
CHAPPELL and WENKE, JJ.

CARTER, J.

Defendant was proceeded against for a constructive crim-
inal contempt.  The trial court found the defendant guilty
and sentenced him to 60 days in jail and to pay a fine of
$100 and costs.  The defendant prosecutes error.

On November 4, 1939, the district court for Douglas coun-
ty enjoined this defendant and others, their agents, repre-
sentatives, lessees, employees or any one acting for, through,
by or under said defendants, from keeping or selling intox-
icating liquor or from maintaining a place where persons
are permitted to resort for the purpose of drinking intox-
icating liquor and beer, on the premises described in the in-

junctive order. The present case arose as a result of alleged violations of the injunctive order on May 23, 1943.

The record shows that five inspectors of the liquor control commission entered the building on the premises described in the injunctive order and made purchases of certain intoxicating drinks described as "spiked cokes." The defendant was present and mixed, sold and accepted payment for these drinks. On subsequent occasions the inspectors made purchases of similar intoxicating drinks from the defendant. Another witness, a deputy state sheriff, searched the place on June 12, 1943, and found more than four quarts of whisky. The record further shows that defendant pleaded guilty on June 29, 1943, to selling intoxicating liquor on June 6, 1943, on the premises described in the injunctive order. The record also shows that defendant was convicted of criminal contempt on December 27, 1941, for violating the same injunctive order. While it is true that defendant denies making the sales and of maintaining the premises in a manner enjoined by the injunctive order, the evidence is ample to sustain the guilt of the defendant beyond a reasonable doubt. The contention of defendant that he did not own the premises is not important. The record does show that the property belonged to his deceased wife and that he and his children are now the owners. His acts of which the state complains are no less contemptuous under the terms of the injunction, even if he does not have a fee simple title to the whole of it. The defendant committed acts which the injunction specifically prohibited him from doing on the premises. This is the essence of the charge.

A prosecution for criminal contempt is *sui generis*, being neither a civil action nor a criminal proceeding, although it is in the nature of a criminal action. The strict rules which govern criminal prosecutions apply and the guilt of the accused must be shown by evidence beyond a reasonable doubt. *Butterfield v. State, ante,* p. 388, 13 N. W. 2d 572.

That the present proceeding is a criminal contempt cannot be questioned. This court has held that a contempt pro-

ceeding to preserve the power and vindicate the dignity of the court and to punish for disobedience of its orders is a criminal contempt. It is distinguished from a civil contempt in that the latter is generally instituted to preserve and enforce the rights of private parties to the suit and to compel obedience to orders and decrees made to enforce such rights, or to administer the remedies to which the court has decreed the parties entitled. *Maryott v. State,* 124 Neb. 274, 246 N. W. 343. The present proceeding was clearly one to preserve the power and vindicate the dignity of the court and is therefore a criminal contempt.

Defendant urges that the court erred in imposing a sentence upon the defendant for the reason that the acts charged constituted a criminal offense and that the punishment was for the criminal courts only. This court disposed of this contention in *Kopp v. State,* 124 Neb. 363, 246 N. W. 718, wherein it was decided that a court has power to punish an act which is a contempt, notwithstanding such act may likewise be punished under the criminal laws of the state. See, also, *Zimmerman v. State,* 46 Neb. 13, 64 N. W. 375.

Defendant contends that the trial court erred in overruling his demurrer to the information. The record does not disclose that a demurrer was filed or any ruling made by the court on a demurrer. There is nothing before the court on this point to be considered. Defendant also argues that it is not shown that the acts charged were willful. We think the very nature of the acts charged, together with the evidence establishing their truth, clearly shows that they were willful and contemptuous.

Defendant contends that the trial court was not authorized to inflict punishment by imprisonment for the reason that the record does not disclose whether the proceedings were conducted in term time or in vacation and cites *Back v. State,* 75 Neb. 603, 106 N. W. 787. We have many times said that prejudicial error must appear from the record to entitle the party alleging it to a reversal. The presumption is that the proceedings were in all respects regular and un-

less reversible error affirmatively appears from the record, no valid objection can be made thereto.

We conclude that the errors assigned are without merit and that the judgment of the trial court must be affirmed.

AFFIRMED.