JOHN W. SINNETT, APPELLEE AND CROSS-APPELLANT, V. HIE FOOD PRODUCTS, INC., A CORPORATION, APPELLANT AND CROSS-APPELLEE.

174 N. W. 2d 720

Filed February 20, 1970. No. 37396.

William H. Mecham and Carl I. Klekers, for appellant.

Charles Ledwith, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This is an action for the recovery of an employee's bonus and for wages alleged to be due. Trial was had to the court. Judgment was rendered for plaintiff for the bonus claimed in his first cause of action and for defendant on the claim for wages in the second cause of action. We affirm the judgment of the trial court.

The following facts are alleged in plaintiff's petition. Defendant was engaged in the manufacture and sale of food products. It employed plaintiff under an oral contract providing for an $80 weekly wage and for a bonus of $20 per week in stock of the defendant company. The written stock bonus agreement contained the following provision: "This stock will be issued at the end of each consecutive year from that date, the end of each fulfilled year. However, if at during any year Bill Sinnett's employment is terminated by him or Hie Foods that years accumulation will be nulled and void. Any stock earned during a previous year will always be good." Plaintiff commenced work on October 1, 1967, and was discharged on September 30, 1968. The stock bonus was denied to plaintiff.

In his second cause of action, plaintiff alleges he was underpaid $61.70 during the first 5 weeks he was employed.

The answer contains a general denial and states plaintiff's employment was terminated for good cause prior to the lapse of 1 full year. Defendant also maintains the stock bonus agreement had been mutually rescinded.

The evidence regarding the terms of plaintiff's employment, the execution of the stock agreement, and the period of employment is not disputed and is as alleged. It is also conceded that after plaintiff had been employed in the plant for about 2 months, he was transferred to a route and made sales and deliveries of defendant's products. At this time he went on a commission basis, with a guaranteed weekly wage in an increased amount.

The fact that plaintiff was discharged is admitted in defendant's answer and the testimony of its executive officer. There is a serious conflict in the testimony of the parties on the question of whether or not defendant had good cause for plaintiff's dismissal. Defendant

charges irregularities in plaintiff's report of sales and in gasoline purchases. This plaintiff denies.

Regarding the theory that the stock agreement was rescinded at the time plaintiff went on a route on a commission basis, there is no evidence of any discussion regarding rescission. It is conceded that defendant's second route man received the stock bonus.

There is some indication in the record that plaintiff may have been underpaid $61.70 during the first weeks he was employed, but the record does not disclose that he ever made any complaint or demand for additional wages until this action was contemplated after his dismissal from defendant's employment.

The parties have treated this action as one in equity. Although the fact of its being an equitable action is questionable, we will abide by the theory on which it was tried. "In reviewing equity cases, where there is an irreconcilable conflict on a material issue, this court will, in determining the weight of the evidence, consider the fact that the trial court observed the witnesses and their manner of testifying, and must have accepted one version of the facts rather than the other." Lunzmann v. Yost, 182 Neb. 101, 153 N. W. 2d 294. It is apparent from the decision of the trial court that it found the stock agreement had not been rescinded, that plaintiff had received all cash payments due him, and that he had been discharged without good cause. We accept these findings.

Plaintiff's employment commenced on October 1, 1967, and terminated September 30, 1968. Had he completed a full day's work on September 30, 1968, he would have completed a full year's employment as contemplated by the stock bonus agreement. The contract of employment, not being for a definite term, was terminable at will by either party, but this does not deprive plaintiff of the right to recover when discharged without good cause: "There is much authority that where an agreement provides for a bonus for continuous service which

is terminated by the employer through no fault of the employee the latter is entitled to a proportionate share of the bonus according to the time served. Where, however, the employee voluntarily quits or is discharged for a reason attributable to his own fault, there is no right to recover any part of the bonus." Kollman v. McGregor, 240 Iowa 1331, 39 N. W. 2d 302. See, also, American Security Life Ins. Co. v. Moore, 37 Ala. App. 552, 72 So. 2d 132; Coats v. General Motors Corp., 11 Cal. 2d 601, 81 P. 2d 906; 56 C. J. S., Master and Servant, § 98, p. 528; 35 Am. Jur., Master and Servant, § 80, p. 511; Annotation, 28 A. L. R. 346.

In his cross-appeal, plaintiff complains of the failure of the trial court to allow an adequate attorney's fee. The court allowed an attorney's fee of $98 in compliance with the requirements of section 25-1801, R. S. Supp., 1967. The statute does not authorize a larger fee but does allow a similar fee to be taxed in this court. An additional attorney's fee of $98 is allowed plaintiff for services of his attorney in this court.

The judgment of the trial court is affirmed.

AFFIRMED.