DAN L. BAILEY, APPELLEE, V. PAUL A. MAHR ET AL.,
APPELLEES, IMPLEADED WITH WAYNE E. SHANKS ET AL.,
APPELLANTS.

255 N. W. 2d 866

Filed July 13, 1977.   No. 41091.

Norris G. Leamer, for appellants.

Smith, Smith & Boyd, for appellee Bailey.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. J.

This is a partition proceeding initiated by the plaintiff-appellee, owner of an interest in six tracts of real estate located in South Sioux City, Nebraska. Tracts IV and V were consolidated as one tract and generally conceded to be one and the same. The plaintiff, in his petition, asked that ownership of the tracts be determined and that the tracts be divided or sold according to law.

None of the defendants-appellants were initially named as defendants in this case. Several of the original defendants to this action suggested in their answers that others, including appellants, be interpleaded or added as defendants, which was subse-

quently done. The defendants filed an answer of general denial, claiming title to tract IV by adverse possession and alleging that tract V was insufficiently described. Several pretrial conferences were held. At one of these conferences, with all parties present or represented by counsel, it was agreed that there was no material issue of fact as to tracts I, II, III and VI, and that trial would thus be limited to tracts IV and V. The case was tried, so limited, to the District Court. The District Court held for the plaintiff and against defendants. The defendants filed a motion for a new trial which was overruled and they now appeal. We affirm the judgment entered by the District Court.

The defendants' first alleged error concerns the service of process by publication on certain unknown defendants, these being the heirs of Myrtle and Ernest Pinney. The appellants contend that the service of process was not in strict conformity with the statutory language of section 25-526, R. R. S. 1943.

The record reveals that Ernest Pinney and Myrtle Pinney had been the contract sellers on tract VI. An unpaid balance of $51.23 remained on the contract. They were both deceased, and died testate. They had only one heir, a daughter, Pauline Storm, who was designated by name in the service by publication.

Defendants' claim is without merit. They have no standing to challenge the sufficiency of the service by publication as to the unknown defendants. Defendants' sole interest in this suit concerns tracts IV and V. Defendants were properly served, they filed a voluntary appearance, and the District Court had competent jurisdiction over them. Defendants fail to demonstrate how they might have been prejudiced by the alleged error in the service by publication. Prejudice must appear from the record to entitle a party alleging error to a reversal on appeal. See Staskiewicz v. State, 144 Neb. 581, 14 N. W. 2d 184 (1944).

Defendants next contend that the District Court committed error in finding title to tract IV and V in plaintiff and several other defendants and in determining that defendants had no proprietary interest in tracts IV and V.

Equity cases are heard de novo by this court. In determining, however, the weight to be given the evidence, this court will consider the fact that the trial court observed the witnesses and their manner of testifying. Campbell v. Buckler, 192 Neb. 336, 220 N. W. 2d 248 (1974); Sinnett v. Hie Food Products, Inc., 185 Neb. 221, 174 N. W. 2d 720 (1970).

Plaintiff's claim to an interest in tracts IV and V is based upon the following facts in the record. Plaintiff's father, Jack H. L. Bailey, and several of the defendants purchased several tracts of land in South Sioux City, Nebraska, for investment purposes. Plaintiff's father and these defendants were equal owners of this real estate, holding the land as tenants in common. Tracts IV and V were purchased in July 1963 and placed in the name of the plaintiff's father. Plaintiff's father received a deed to tracts IV and V from the record titleholders. Plaintiff's father died in 1968, and his interest in the real estate descended to his four children in equal shares.

Raymond B. Johansen, one of the original defendants and coowners of this real estate, testified that the owners of the real estate collected rents from the properties, paid taxes, and paid other assessments on the properties, including tracts IV and V. He testified that this was done for the benefit of himself and his coowners. Johansen also testified that when tracts IV and V were purchased, there were some unoccupied buildings thereon, and that these were burned down by the South Sioux City fire department after first obtaining the permission of Johansen and the other coowners. Johansen further testified that tracts IV and V, at the time they were purchased, were full of holes, and that these were filled

in at the direction of himself and Paul Mahr, another original defendant and coowner. Johansen stated that he drove past the lots six to eight times per year to inspect them. He stated that defendants Nora Entriken or Wayne Shanks never interfered with the destruction of the buildings on the land or the filling of holes.

The plaintiff made a prime facie case for ownership, along with certain other defendants, of tracts IV and V. The plaintiff and his coowners held title under a duly recorded deed supported by chain of title. They have exercised incidents of ownership consistent with their record title.

Defendants-appellants' claim that title to tracts IV and V is not in plaintiff and the other defendants, but is instead in defendant Wayne Shanks, rests upon the following facts.

On March 28, 1962, defendant Shanks received a quitclaim deed from his father and mother, which purported to convey to him all the grantors' interest to the west 70 feet of Lot 7. Tracts IV and V are legally described as Lots 7 and 6, Block 28, Covington Annex to South Sioux City. Neither defendant Shanks, nor his father and mother, were previous record title-holders of this property.

In 1962, Nora Entriken filed an affidavit alleging therein that she was the owner and in possession of Lot 7, Block 28, Covington Annex to South Sioux City and that "she has resided upon said real estate with her family and occupied the same as her home, without interruption, since the year 1912 * * *" and that she was claiming the same to be hers. The record shows that Nora Entriken was 80 years old at the time of trial and lived in a small house which was located, not on Lot 7 as stated in her affidavit, but rather upon the platted city street next to Lot 7. There was evidence that she maintained for a long time a garden upon part of Lot 7. She also had an outhouse which, according to her son's testimony,

was located 15 feet from her house, thus placing it on the street as well.

In April 1976, during the pendency of this action, defendant Shanks received a quitclaim deed from Nora Entriken, conveying all her interests in Lots 6 and 7, Block 28, Covington Annex to South Sioux City to him subject to a life estate.

Despite the deed he received in 1962 from his father and mother, Shanks testified that over the years he helped Nora Entriken plow and maintain her garden, that it was he and not plaintiff or the other defendants who gave permission to dump dirt on these lots, and that he never claimed any interest in the property until he received the quitclaim deed from Nora Entriken.

In order to establish title by adverse possession, such possession must not only have been actual, open, and continuous, but it must have been accompanied by an intention to hold land as the owner of it and it must have been under a claim of ownership. Shirk v. Schmunk, 192 Neb. 25, 218 N. W. 2d 433.

Based upon the above review of the evidence, it is clear that Nora Entriken had no interest in Lots 7 or 6, which she could have conveyed to defendant Shanks. Her sole activity thereon was the maintenance of a garden on Lot 7. The District Court was correct in rejecting defendant's claim and in finding title to be in plaintiff and the other defendants.

Other assignments of error raised by defendants have been examined and are found to be without merit.

The judgment and decree of the District Court are correct and are affirmed.

AFFIRMED.