Craig A. KNUDSEN, Appellant,

v.

NORTHWEST AIRLINES, INC., Respondent.

No. C5-88-2070.

Court of Appeals of Minnesota.

March 28, 1989.

Review Granted June 9, 1989.

William L. Lucas, Harvey, Thorfinnson & Scoggin, Eden Prairie, for appellant.

Dorian K. Samskar, Northwest Airlines, Inc., Minneapolis/St. Paul International Airport, St. Paul, for respondent.

Heard, considered and decided by HUSPENI, P.J., and CRIPPEN and IRVINE,* JJ.

## OPINION

L.J. IRVINE, Acting Judge.

Appellant was fired by respondent before appellant could exercise a stock option. The trial court granted summary judgment on the grounds that appellant was an at-will employee, and his discharge could be for any reason. We reverse and remand for trial.

## FACTS

The facts are not in dispute. Knudsen was an employee of Republic Airlines, and in 1985 he signed a stock option agreement to buy a certain amount of Republic's stock. Under the plan Knudsen could exercise one-third of his stock rights on April 24, 1986, another third on April 24, 1987, and another third on April 24, 1988. Stock rights not exercised expire in 1995. In January 1986, Northwest announced its merger with Republic subject to certain conditions. One condition was that all outstanding stock rights would vest on the effective date of the merger. In April 1986, Knudsen exercised the first one-third of his stock rights. On June 26, 1986, Knudsen was discharged by Republic effective July 15, 1986. On August 12, the merger became effective.

In October 1986, Knudsen notified Northwest of his request to exercise his remaining stock rights. On November 3, Northwest informed Knudsen that he could not exercise his stock rights because of his termination. In February 1987, Knudsen filed suit against Northwest, and on May

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

31, 1988, the trial court granted summary judgment in favor of Northwest.

The sole issue on appeal is whether Knudsen is entitled to exercise his stock rights under the stock option agreement. Specifically, paragraph 7 of the agreement states:

> In the event that the employee shall cease to be a management employee of the company (i.e., an employee whose salary and benefits are not determined by a collective bargaining agreement) *for any reason,* the ISO and SAR may be exercised by the employee (to the extent the employee is then vested) at any time *prior to such termination.*

(Emphasis in original.)

## ISSUE

Did the trial court err in granting summary judgment on Knudsen's claim for payment under the stock option agreement?

## ANALYSIS

### Standard of Review

Appellate review of a summary judgment is limited to (1) whether there are any genuine issues of material fact, and (2) whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn. 1979).

Although Knudsen concedes that he was an at-will employee, he argues that there is a genuine issue of material fact regarding the reason his employment was terminated. Knudsen argues that his right to payment under the stock option agreement depends on "whether or not his employment was terminated for cause."

 Under Minnesota law, absent a contrary contractual arrangement, employees serve at the will of their employer. *See Hunt v. IBM Mid America Employees Federal Credit Union,* 384 N.W.2d 853, 856 (Minn.1986); *Cederstrand v. Lutheran Brotherhood,* 263 Minn. 520, 532, 117 N.W.2d 213, 221 (1962). Minnesota does not recognize an implied covenant of good faith and fair dealing in employment con-

tracts. *See Hunt,* 384 N.W.2d at 858; *Wild v. Rarig,* 302 Minn. 419, 442, 234 N.W.2d 775, 790 (1975), *cert. denied,* 424 U.S. 902, 96 S.Ct. 1093, 47 L.Ed.2d 307 (1976).

 Minnesota has recognized certain exceptions to the at-will rule. For example, an action for breach of contract may be maintained where an employee handbook meets the requirements for the formation of a unilateral contract. *See Pine River State Bank v. Mettille,* 333 N.W.2d 622, 627 (Minn.1983). Similarly, an employee may maintain an action for wrongful discharge where the discharge results from the employee's refusal to participate in an activity which the employee believes violates a rule or law. *See Phipps v. Clark Oil & Refining Corp.,* 408 N.W.2d 569, 571 (Minn.1987). In addition, independent consideration beyond the personal employment services can create a contract limiting discharge to cause. *See Bussard v. College of St. Thomas, Inc.,* 294 Minn. 215, 223–24, 200 N.W.2d 155, 161 (1972). Finally, elements of promissory estoppel may give rise to an exception to the at-will doctrine. *See Grouse v. Group Health Plan, Inc.,* 306 N.W.2d 114, 116 (Minn.1981).

Minnesota has not recognized an exception to the at-will doctrine involving stock options. Other states, however, have allowed recovery where the employer terminates the employee to avoid some financial obligation. *See Fortune v. National Cash Register Co.,* 373 Mass. 96, 102–104, 364 N.E.2d 1251, 1256–57 (1977); *Sinnett v. Hie Food Products, Inc.,* 185 Neb. 221, 223–24, 174 N.W.2d 720 (1970).

 Knudsen argues that despite the at-will employment rule, the reason for his discharge is material because his right to payment for his stock rights depends on whether or not his employment was terminated for cause. Since the issue is *material,* summary judgment is inappropriate. Knudsen acknowledges that Northwest had the right to fire him at any time and for any reason. He argues, however, that Northwest cannot fire him in order to bene-

fit from the termination via the stock options.

In *Sinnett* the Nebraska Supreme Court stated that where an employee was hired with an agreement for a bonus of stock for each year of service and was discharged without good cause by the employer one day before he had completed the first year of employment, the employee was entitled to the one-year stock bonus. *Sinnett*, 185 Neb. at 223–24, 174 N.W.2d at 722. We believe the logic of *Sinnett* to be sound and to be applicable here.

There is a genuine issue of material fact regarding what rights Knudsen had earned under the stock option agreement prior to his termination. Summary judgment is inappropriate.

### DECISION

We find that a material fact issue exists, rendering the summary judgment inappropriate.

Reversed and remanded.