**Donald BRATTON, Appellant,**

v.

**MENARD, INC., Respondent.**

**No. C8–88–2046.**

Court of Appeals of Minnesota.

April 4, 1989.

Review Denied June 9, 1989.

John A. Warchol, Warchol, Berndt & Hajek, Michael H. Hennen, Rerat Law Firm, Minneapolis, for appellant.

Kevin E. Giebel, Corporate Counsel, Menard, Inc., Eau Claire, Wis., for respondent.

Heard, considered and decided by PARKER, P.J., and SCHUMACHER and SCHULTZ,* JJ.

## SCHUMACHER, Judge.

Appellant was discharged by respondent a short time before his right to a bonus accrued. The trial court ruled that appellant was an at-will employee, his dismissal could be for any reason, and granted summary judgment. We reverse, since genuine issues of material fact exist which preclude summary judgment.

## FACTS

Appellant Bratton worked for respondent Menard, Inc. from January 17, 1973 until December 2, 1982, when he was terminated. Appellant was a yard manager for Menard and was entitled to performance-based bonuses per yearly employment contracts. In 1979, appellant received the company policy handbook. On February 10, 1982, appellant signed the employment agreement at issue, which specified the amount of his salary and bonus. The relevant portions of the employment agreement provide:

5. A bonus will be earned at the close of business on the last day of the fiscal year. If the manager's employment with Menard, Inc. is terminated for any reason prior to the end of the fiscal year, this bonus will not be earned.

\* \* \* \* \* \*

7. Menard, Inc. may terminate the manager's employment at any time for any reason during the course of this agreement. If the manager's employment is terminated for any reason during the course of this agreement, the bonus is forfeited.

Contrary to the employment agreement, the company handbook provides that Menard subscribe to a progressive constructive discipline policy, and that prior to termination, any employee will receive verbal reprimands, a warning letter, suspension, and finally discharge. Appellant received none of these and was summarily discharged without reason approximately six weeks prior to the end of Menard's fiscal year (January 31, 1983).

After appellant filed suit, respondent brought a motion for summary judgment. In 1985, the trial court dismissed several of appellant's claims, including one for breach of contract (appellant's theory was that the employee handbook modified the employment contract so as to require progressive, constructive discipline).[1] The trial court allowed appellant's claim for bad faith termination to continue. Three years later, respondent renewed its motion for summary judgment. A different trial judge heard this motion and granted summary judgment for Menard. We reverse.

## ISSUES

1. Was the Menard employee handbook sufficiently definite to raise genuine issues of material fact regarding the formation of a unilateral contract under *Pine River State Bank v. Mettille?*

2. Does Minnesota law recognize a limited implied covenant of good faith and fair

---

\* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. VI, § 2.

1. Appellant has not sought review of other claims resolved by the trial court.

dealing in an employment contract relative to discharge of an employee solely for the purpose of denying bonuses?

## ANALYSIS

### Standard of Review

Appellate review of summary judgment is concerned with (1) whether there exist any genuine issues of material fact, and (2) whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn. 1979).

■ 1. Appellant claims Menard's handbook was sufficiently definite to raise the issue of the formation of a unilateral contract, at least to an extent to allow the issue to go to the jury. The trial court granted summary judgment on appellant's handbook claim, relying on *Pine River State Bank v. Mettille*, 333 N.W.2d 622 (Minn.1983). Under *Pine River*, an employee handbook may become a binding contract or may modify an existing contract if the elements for formation of a unilateral contract are met. These elements are:

1. Definite offer.
2. Communicated to offeree.
3. Acceptance.
4. Consideration.

*Pine River* at 626–27.

■ The trial court recognized that under ordinary circumstances, the issue of whether an employee handbook's provisions are to be considered as an offer for unilateral contract involves factual determinations regarding the conduct and intent of the parties, which precludes the grant of summary judgment. However, in this case, the trial court determined that respondent's handbook provisions did not, as a matter of law, qualify as a unilateral offer to modify the employment contract. The trial court cited *Pine River*, noting that:

An employer's general statements of policy are no more than that and do not meet the contractual requirements for an offer.

*Id.* at 626.

We have reviewed the employment contract and the employee handbook and disagree. We feel, at the least, the employee handbook creates genuine issues of material fact which preclude summary judgment. *See Betlach v. Wayzata Condominium.* Although the employment contract clearly makes appellant an at-will employee, the employee handbook offers a modification to that characterization by emphasizing respondent's "progressive, constructive, discipline" philosophy. We therefore remand to the trial court for the submission of this issue to a jury.

■ 2. Appellant asserts that Minnesota law does or should contain a limited implied covenant of good faith and fair dealing in employment contracts where an employee is wrongfully discharged to avoid the payment of a bonus or commission. Minnesota does not recognize an implied covenant of good faith and fair dealing in employment contracts. *See Hunt v. IBM Mid America Employees Federal Credit Union*, 384 N.W.2d 853, 858 (Minn.1986); *Wild v. Rarig*, 302 Minn. 419, 441, 234 N.W.2d 775, 790 (1975), *cert. denied* 424 U.S. 902, 96 S.Ct. 1093, 47 L.Ed.2d 307 (1976). Rather, absent a contrary contractual arrangement, employees serve at the will of their employer. *See Hunt* at 858; *Cedarstrand v. Lutheran Brotherhood*, 263 Minn. 520, 533, 117 N.W.2d 213, 221 (1962).

Minnesota has recognized certain exceptions to the at-will rule. First, this rule is modified where an employee handbook meeting the requirements for the formation of a unilateral contract provides for other rights, *see Pine River State Bank v. Mettille*, 333 N.W.2d 622 (Minn.1983); second, where the discharge violates public policy, *see Phipps v. Clark Oil & Refining Corp.*, 408 N.W.2d 569 (Minn.1987) (employee fired for refusing to dispense leaded gasoline into vehicle requiring unleaded gasoline in contravention of federal law has cause of action for wrongful discharge); third, where independent consideration be-

yond the personal employment services create a contract limiting discharge for cause, *see Bussard v. College of St. Thomas, Inc.*, 294 Minn. 215, 200 N.W.2d 155 (1972) (plaintiff sold ownership interest in magazine to employer and received assurances of indefinite employment). Finally, elements of promissory estoppel may give rise to an exception to the at-will doctrine. *See Grouse v. Group Health Plan, Inc.*, 306 N.W.2d 114 (Minn.1981) (employer revoked job offer despite employee's resignation from prior job and rejection of other job offer).

Other states have allowed recovery where an employer has discharged an employee specifically to avoid the payment of a bonus or commission. *See Fortune v. National Cash Register Co.*, 373 Mass. 96, 364 N.E.2d 1251 (1977); *Sinnett v. Hie Food Products, Inc.*, 185 Neb. 221, 174 N.W.2d 720 (1970); *see generally* Annotation, *Damages Recoverable for Wrongful Discharge of At–Will Employee*, 44 A.L.R.4th 1131 (1986).

The Eighth Circuit Court of Appeals, applying Minnesota law, has confronted this question. In *Buysse v. Paine, Webber, Jackson & Curtis, Inc.*, 623 F.2d 1244 (8th Cir.1980), the court considered the appeal of a stockbroker dismissed over disputed commissions. The court recognized that an employee employed under an at-will employment contract may be discharged for any reason or no reason at all. *Id.* at 1249. Although the court limited recovery to commissions earned up to the date of termination, the court did note that a dismissal designed to avoid the payment of commissions to an employee constitutes bad faith. *Id.*

We recognize that under Minnesota law there is no implied covenant of good faith and fair dealing in employment contracts. However, we feel that appellant should have the opportunity to present his case to a jury and if it finds that the employment handbook has modified the parties' employment contract to require good faith in discharge, then the same jury would be free to find that appellant's dismissal was in

bad faith and that appellant is entitled to relief.

## DECISION
We find that appellant raised an issue of material fact sufficient to render summary judgment inappropriate.

Reversed and remanded.